STATE *v.* JAMES PULLEY and ELLIS WILKERSON.

A witness for the State (*here* an accomplice) having been asked upon the examination in chief, whether he has not upon some other occasion given a different statement of the transaction, may thereupon, at the instance of the Solicitor, be permitted to explain why he gave such statement.

The comma, at the end of the word "store," in section 2, of Rev. Code, ch. 34, is a misprint; the enrolled bill in the office of the Secretary of State has no such comma, and thus shows that the word is used as an adjective, qualifying the word "house" which follows.

Arson, tried before *Cilley, J.*, at Spring Term 1868, of the Superior Court of Person.

Upon the trial, one Stokes, an accomplice, a colored boy of 16 years of age, was a principal witness to prove the commission of the crime. On the examination in chief, after he had given an account of the transaction, he was asked by the Solicitor if he had since denied this statement to be true. He answered that on one occasion he had denied it to a gentleman of the bar. The Solicitor then asked why he had denied it. The prisoner's counsel objected to this question. The Court overruled the objection, and allowed the witness to say that he denied it in consequence of threats made to him by one Thaxter, a colored man living in Virginia, who though not a preacher, held meetings in his neighborhood which one of the prisoners attended.

Verdict, Guilty; Rule for a new trial; Rule discharged; Judgment and Appeal.

*Attorney General*, for the State.

*Graham, contra.*

Pearson, C. J. The witness was impeached by the position in which he stood before the jury,—that of an accomplice turning "State's witness," and we can see no reason why the Solicitor for the State was not at liberty, by questions asked upon the examination in chief, to enable the witness to say that he had made a different statement, and then give an explanation, by stating what was the cause of his doing so. Suppose the matter had been passed over, and the prisoners had afterwards proved that the witness had made a different statement: It certainly would then have been proper for the Solicitor to recall the witness and give him an opportunity of making the explanation. What prejudice could, by any possibility, be done to the prisoner by the course pursued by the Solicitor in asking these questions by way of anticipating what he supposed would afterwards come out in the course of

the trial, in consequence of what had been elicited from the witness by a gentleman of the bar.

The motion in arrest was based on the manner in which the word " store" is disconnected by a comma from the word " warehouse," as printed in the Revised Code, but upon inspection of the enrolled bill in the office of the Secretary of State, it appears to be a misprint, by the introduction of a comma which is not contained in the enrolled bill. The word " store" is there plainly used as an adjective, connected with " ware" by the disjunctive " or," both being added to the word " house"—thus, " store or ware house," whereas, as printed the word " store" might be considered as used for a substantive. Upon an inspection of the enrolled bill the counsel for the prisoners properly abandoned the motion.

There is no error. This will be certified to the end, &c.

PER CURIAM.                                No error.