STATE OF NORTH CAROLINA v. LARRY BLIZZARD

No. 708SC81

(Filed 25 February 1970)

**1. Criminal Law §§ 156, 157—— case on appeal —— order allowing writ of certiorari**

In all cases which come before the Court of Appeals by *certiorari,* a copy of the order granting the writ should be included as part of the case on appeal.

**2. Homicide § 28—— failure to instruct on defense of accident**

In this second-degree murder prosecution, the trial court did not err in failing to charge the jury on the defense of accident or misadventure, where the State's evidence tended to show that defendant shot deceased three times with a pistol after having robbed him and while holding him captive at gunpoint for two hours, during which time deceased begged for his life and made several attempts to escape, and defendant did not contend that the shooting was accidental but testified that it was the State's witness who shot deceased.

ON *Certiorari* from *Mintz, J.,* June 1969 Session of LENOIR Superior Court.

Defendant was charged by bill of indictment with the crime of first-degree murder. He was tried for murder in the second degree or manslaughter. He pleaded not guilty. The jury found him guilty of murder in the second degree and from judgment of imprisonment imposed thereon, defendant in apt time gave notice of appeal. The appeal was not perfected within the time permitted by the Rules of

the Court of Appeals and this Court subsequently granted defendant's petition for *certiorari* to perfect a late appeal.

*Attorney General Robert Morgan and Staff Attorney Carlos W. Murray, Jr., for the State.*

*Turner & Harrison, by Fred W. Harrison, for defendant appellant.*

PARKER, J.

[1] The case on appeal as prepared on behalf of the defendant and filed in this Court makes no reference to the order granting *certiorari*. Failure to include this in the record would make it appear, insofar as the record before us is concerned, that the case comes up on a late appeal which would be subject to dismissal for failure to comply with the Rules of this Court. Therefore, in all cases which come before us by *certiorari* it is important that a copy of the order granting the writ be included as part of the case on appeal.

[2] Defendant's sole assignment of error in this case is that the trial court erred in failing to charge the jury regarding homicide by an accidental shooting. There is no merit to this assignment of error. While it is the duty of the trial judge even without special request to declare and explain the law as to all substantial features of the case arising on the evidence, G.S. 1-180, *State v. Mercer*, 275 N.C. 108, 165 S.E. 2d 328, *State v. Ardrey*, 232 N.C. 721, 62 S.E. 2d 53, the defense of homicide by accident or misadventure did not arise upon the evidence in this case. Without reciting all of the evidence, suffice it to say that the State's evidence, presented principally in the testimony of an eyewitness, tended to show that defendant shot the deceased at least three times with a .22 caliber pistol, after having robbed him and while holding him captive at gunpoint over a period of approximately two hours, during which time the deceased begged for his life and made several attempts to escape. The defendant, who testified in his own defense, never contended that the shooting was accidental. On the contrary, he denied he had shot at all, testifying that it was the State's witness who had done so. From their verdict it is evident the jury believed the State's witness rather than the defendant. In the record before us we find

No error.

CAMPBELL and HEDRICK, JJ., concur.