STATE OF NORTH CAROLINA v. ARTHUR SILAS CASE

No. 7128SC270

(Filed 28 April 1971)

Criminal Law § 99— questioning of State's witness by trial court — harmless error

It was not prejudicial error that the trial court questioned the State's witness 34 times during a trial that lasted less than a day.

ON *certiorari* to review trial before *Hasty, Judge of Superior Court,* 24 September 1970 Session, BUNCOMBE Superior Court.

Defendant was charged in a two-count bill of indictment, proper in form, with felonious breaking or entering and with felonious larceny. Defendant was represented at his trial and on this appeal by the same counsel. Defendant entered pleas of not guilty to each of the charges.

State's evidence tended to show that during the night of 15 June 1970 or the early morning hours of 16 June 1970, defendant broke and entered the B & V Grocery store operated by one Jack Warren; and that he stole therefrom a quantity of money.

From verdicts of guilty as charged in both counts, and judgment of confinement entered thereon, defendant appealed.

*Attorney General Morgan by Trial Attorney Cole for the State.*

*Riddle & Shackelford by John E. Shackelford for the defendant.*

BROCK, Judge.

Defendant's sole contention upon this appeal is that the trial judge committed prejudicial error in interrupting the State's witnesses to have them repeat what they had said. Defendant concedes that the trial judge may properly question a witness to clarify the testimony or to obtain a proper understanding of what the witness said. However, defendant contends that in this trial, which lasted less than a day, it was error for the trial judge to interrupt and question the State's witnesses thirty-four times. During oral argument counsel conceded that no one of the interruptions and questions by the trial judge constitutes error, but that the prejudice to defendant arises from the number of occasions, within a short period of time, that the judge interrupted and questioned the witness.

We might concede that it is desirable that no occasion arise which would prompt the trial judge to ask questions of a witness for clarification and understanding of the testimony. However, so long as we are dealing with human beings as witnesses, solicitors and defense counsel, and so long as we undertake to communicate by a spoken language, we are going to have need for clarification and understanding of what has been said. The frequency for the need to question for clarifica-

tion and understanding will decrease or increase with the capability of counsel in propounding clear questions, the capability of the witness to understand and to respond to the question which was asked, and the capability of the witness to express himself in such a way that his answer is clear. We cannot say, as a matter of law, that thirty-four interruptions by the trial judge to ask proper questions of witnesses constitutes prejudicial error. Of course, at no time may the trial judge ask questions of a witness which tend to impeach him or cast doubt upon his credibility.

No error.

Judges MORRIS and HEDRICK concur.