STATE OF NORTH CAROLINA v. JESSIE MELVIN HIGH

No. 25

(Filed 13 October 1971)

1. **Criminal Law § 161— failure of record to contain assignments of error**
When the case on appeal contains no assignments of error, the judgment must be sustained unless error appears on the face of the record.

2. **Kidnapping § 1— appeal from plea of guilty of kidnapping**
No error appears on the face of the record in this appeal from judgment pronounced upon defendant's plea of guilty of the crime of kidnapping.

APPEAL by defendant from *Parker, J.*, 2 December 1970 Session of ONSLOW Superior Court.

Indicted for the kidnapping and rape of Shannon Elaine Canady on 3 September 1969, defendant in open court and through his privately employed counsel tendered a plea of guilty to the felony of kidnapping, which plea was accepted by the State. The presiding judge examined defendant under oath with reference to the voluntariness of his plea and his understanding of its consequences. At the conclusion of this examination Judge Parker found that defendant's guilty plea was freely, understandingly and voluntarily made, without undue influence, compulsion or duress and without promise of leniency. The judge then ordered the plea to be entered in the record and heard evidence offered by the State before pronouncing judgment.

Shannon Elaine Canady testified that prior to 2 September 1969 she was employed as a telephone operator at Jacksonville in Onslow County and was being transferred to New Bern in Craven County. She had placed some of her clothing and furnishings in her 1958 DeSoto automobile and, upon completion of her work about midnight, started alone on her way to Maysville where she planned to spend the night with a relative. Sev-

eral cars overtook and passed her on the highway. Then a car with bright lights approached from the rear and, after driving behind her for some distance, finally passed her and she heard the occupants laugh. She later learned that defendant and John Raymond Dozier were in the car. They stopped on the highway ahead of her and she slowed down. They pulled off the road and turned their emergency blinkers on, whereupon she drove rapidly by them. They reentered the highway, chased Miss Canady at a high rate of speed, finally drove alongside her DeSoto and forced it off the road. She reentered the highway and the maneuver was repeated again and again. The fourth time she was forced from the highway she killed the motor on her old car and was unable to start it. While she sat in her disabled vehicle screaming and blowing the horn, her assailants alighted from their car, lifted the hood of her car and yanked the horn wires out. They then entered her car through a door with a broken lock, pulled her out and carried her to their car. She was placed in the back seat, required to remove all her clothing, and repeatedly raped by defendant and John Raymond Dozier while the car was alternately driven over the countryside by them.

Miss Canady was locked in the trunk of the car when her assailants stopped in New Bern to buy gas. After leaving New Bern she was removed from the trunk and placed again in the back seat of the car. Finally, after promising that she would concoct a story about white marines kidnapping and raping her, they forced her to lie down in the ditch beside the road while they drove out of sight. Miss Canady then made her way to a nearby farm home where she related what had happened, called her parents and notified the officers. It was then about 3:15 a.m.

The testimony of W. C. Jarman, a Deputy Sheriff of Onslow County, indicates that after this defendant and John Raymond Dozier had been arrested, and defendant had been duly advised of his constitutional rights, he signed a written waiver and made a full confession of both the kidnapping and the rape. His statement to the officer minutely corroborates the testimony of Miss Canady.

Defendant offered no evidence to explain his conduct or to mitigate the viciousness of his crime.

Defendant was thereupon sentenced to a term of forty (40) years in State Prison. Seven days after commitment he gave

notice of appeal to the Court of Appeals alleging that "substantial injustice has been done heretofore at the proceeding had at the December Session of Onslow Superior Court." He pled indigency and counsel was duly appointed to perfect the appeal at public expense. The State has furnished a copy of the transcript and has borne the cost of mimeographing the case on appeal and appellant's brief. The case on appeal was docketed in the Court of Appeals and transferred to the Supreme Court for initial appellate review pursuant to the Court's general order dated 31 July 1970.

*Joseph C. Olschner, attorney for defendant appellant.*

*Robert Morgan, Attorney General; Millard R. Rich, Jr., Assistant Attorney General, for the State.*

HUSKINS, Justice.

[1] The record contains no exceptions and no assignments of error. The only question for review, therefore, is whether error appears on the face of the record proper. "When the case on appeal contains no assignments of error, the judgment must be sustained, unless error appears on the face of the record." *State v. Higgs,* 270 N.C. 111, 153 S.E. 2d 781 (1967) ; *State v. Newell,* 268 N.C. 300, 150 S.E. 2d 405 (1966) ; *State v. Williams,* 268 N.C. 295, 150 S.E. 2d 447 (1966) ; *State v. Darnell,* 266 N.C. 640, 146 S.E. 2d 800 (1966).

[2] An examination of the record proper reveals no error. We note that John Raymond Dozier, defendant's accomplice in the commission of this kidnapping and rape, was convicted by a jury on both charges and received a life sentence in each case. The judgments were upheld by this Court in *State v. Dozier,* 277 N.C. 615, 178 S.E. 2d 412 (1971). It is indeed difficult to see wherein this defendant has cause to complain. This is just a perfunctory appeal—another example of gross abuse by an indigent defendant of the unlimited right of appeal.

The judgment of the superior court is

Affirmed.