STATE OF NORTH CAROLINA v. JOSEPH McNEIL
AND JOSEPH BRIDGES

No. 124

(Filed 15 December 1971)

1. **Criminal Law § 104— motion for nonsuit — consideration of evidence**

     Motion to nonsuit requires the trial judge to consider the evidence in the light most favorable to the State, take it as true, and give the State the benefit of every reasonable inference to be drawn therefrom.

2. **Criminal Law § 104— motion for nonsuit — sufficiency of evidence**

     When considering the motion for nonsuit, the court is not concerned with the weight of the testimony but only with its sufficiency to carry the case to the jury and sustain the indictment.

3. **Burglary and Unlawful Breakings § 5; Safecracking— breaking and entering — safecracking**

     Evidence of defendants' guilt of safecracking and breaking and entering and larceny of goods valued at $295, *held* properly submitted to the jury.

4. **Criminal Law §§ 128, 129— motions to set aside verdict and for new trial**

     Defendants' motions to set aside the verdict and for a new trial are addressed to the discretion of the trial court, and refusal to grant them is not reviewable.

5. **Criminal Law § 127— arrest of judgment**

     Judgment may be arrested when and only when some fatal error or defect appears on the face of the record proper.

6. **Criminal Law § 127— arrest of judgment — review on appeal**

     The review of the denial of a motion in arrest of judgment is ordinarily limited to the question of whether error of law appears on the face of the record and whether the judgment is regular in form.

7. **Criminal Law § 146— review on appeal — no error on the record**

     When error does not appear on the face of the record the judgment will be affirmed.

DEFENDANTS appeal from judgment of *Clark, J.*, 22 February 1971 Regular Session, WAKE Superior Court.

Each defendant was charged in separate bills of indictment with (1) safecracking in violation of G.S. 14-89.1, and (2) breaking and entering and larceny of goods valued at $295. The four cases were consolidated for trial.

The State's evidence tends to show that the place of business of Warren Brothers, Inc., located at 330 Dupont Circle in the City of Raleigh, was broken into on the night of 23 July 1970. The safe was forced open and its contents rifled. The following items of personal property were stolen: one Zenith portable television set, one Motorola portable televison set, one .22 caliber semi-automatic Remington rifle, one Burroughs adding machine, one Royal typewriter and one flashlight. Papers were strewn over the floor. The top of the safe "had been peeled back so that you could get your hand inside." A crowbar, hammer, screwdriver, chisel, snips, and other small tools were found on the floor in front of the safe on the morning following the robbery.

William Henry Abrams, Jr., testified that he, Joseph Bridges, Joseph McNeil and Robert Lucas were together at the Lucas home on the night of 23 July 1970. There was some conversation about going to Warren Brothers, and Joseph Bridges invited the others to take a ride with him, "said he know where some money was." He and the defendants went to the Warren Brothers place of business in Robert Lucas' car which was driven by Joseph Bridges. Lucas was drunk and did not go. He (Abrams) stayed in the car as a lookout while Joseph Bridges and Joseph McNeil broke the lock on the door and went inside. Defendants brought out three television sets, a typewriter, and an adding machine and put them in the car. He didn't see the rifle until they were unloading later that night. Defendants said they didn't get the safe because it was bolted to the wall. Defendant Bridges drove the car back to the Lucas home, and all three of them unloaded the stolen property and put it in an old broken-down car beside the Lucas house. He received only two dollars from Joseph Bridges as his part of the loot.

On cross-examination this witness stated that he had been tried and convicted "three weeks ago" for these identical charges

but had not yet been sentenced; that in his trial he took the stand and testified that he didn't know anything about it; that he had not been promised anything and his present testimony in this case was the truth.

L. R. Mason testified that on the last Friday in July 1970 Robert Lucas, accompanied by two other men, came to his store near Knightdale and sold him an adding machine for twenty dollars. Following the purchase he called the sheriff's office and reported the transaction. Detective Watson came to the store and picked up the adding machine. The machine he bought from Lucas was the adding machine offered in evidence as State's Exhibit 3.

Ruth Goodman testified that she had been living with Joseph McNeil for three years; that Joseph Bridges and Joseph McNeil brought a television set to her home about 3:00 or 3:30 p.m. on 24 July 1970; that McNeil said a boy wanted eight dollars for it, and she gave McNeil eight dollars; that defendants left the television at her home, and Detective Whitley later came to her house and got it. The television marked State's Exhibit 5 was the one defendants left at her home.

Defendants offered no evidence. Their motions for nonsuit at the close of the State's evidence were denied. The jury convicted each defendant of (1) safecracking and (2) breaking and entering and larceny as charged. Active prison terms were imposed on both defendants and they appealed to the Court of Appeals. The case was transferred to the Supreme Court for initial appellate review under our general order dated 31 July 1970. Errors assigned will be noted in the opinion.

*W. Arnold Smith, Attorney for Defendant Appellant McNeil; Earle R. Purser, Attorney for Defendant Appellant Bridges.*

*Robert Morgan, Attorney General, and Millard R. Rich, Jr., Assistant Attorney General, for the State of North Carolina.*

HUSKINS, Justice.

[1-3] Failure to nonsuit constitutes defendants' first assignment of error. Motion to nonsuit requires the trial judge to consider the evidence in the light most favorable to the State, take it as true, and give the State the benefit of every reasonable

inference to be drawn therefrom. *State v. Vincent,* 278 N.C. 63, 178 S.E. 2d 608 (1971). "Regardless of whether the evidence is direct, circumstantial, or both, if there is evidence from which a jury could find that the offense charged has been committed and that defendant committed it, the motion to nonsuit should be overruled." *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968). When considering such motion the court is not concerned with the weight of the testimony but only with its sufficiency to carry the case to the jury and sustain the indictment. *State v. Primes,* 275 N.C. 61, 165 S.E. 2d 225 (1969). When tested by these principles there is abundant evidence to carry the cases against both defendants to the jury. The motions for compulsory nonsuit were properly denied.

[4] Defendants' motions to set aside the verdict and for a new trial are merely formal and require no discussion. Such motions are addressed to the discretion of the trial court and refusal to grant them is not reviewable. *State v. Reddick,* 222 N.C. 520, 23 S.E. 2d 909 (1943); *State v. Downey,* 253 N.C. 348, 117 S.E. 2d 39 (1960). These motions were properly denied.

Finally, defendants moved in arrest of judgment and assign as error the denial of their motions.

[5-7] "A motion in arrest of judgment is one made after verdict and to prevent entry of judgment, and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record." *State v. McCollum,* 216 N.C. 737, 6 S.E. 2d 503 (1940). Judgment may be arrested when and only when some fatal error or defect appears on the face of the record proper. *State v. Higgins,* 266 N.C. 589, 146 S.E. 2d 681 (1966). "When based on such defect, the motion may be made at any time, even in the Supreme Court on appeal; and, in the absence of such motion, the Court *ex mero motu* will examine the record proper for such defect." *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970). But review is ordinarily limited to the question of whether error of law appears on the face of the record and whether the judgment is regular in form. *State v. Mallory,* 266 N.C. 31, 145 S.E. 2d 335 (1965). When error does not appear on the face of the record proper the judgment will be affirmed. *Seibold v. Kinston,* 268 N.C. 615, 151 S.E. 2d 654 (1966). "The record proper in any action includes only those essential proceedings which are made of record by the law itself, and as such are self-preserving. . . . The evidence in a

case is no part of the record proper. . . . In consequence, defects which appear only by the aid of evidence cannot be the subject of a motion in arrest of judgment." *State v. Gaston,* 236 N.C. 499, 73 S.E. 2d 311 (1952).

When the foregoing rules regulating practice and procedure in criminal actions are applied to the record on this appeal, it is evident the motions in arrest of judgment were properly denied. An examination of the record proper reveals no error. The judgments must therefore be sustained. *State v. High,* 279 N.C. 487, 183 S.E. 2d 633 (1971).

No error.