STATE OF NORTH CAROLINA v. JAMES LEON HARRISON

No. 723SC197

(Filed 24 May 1972)

1. Criminal Law § 99— questions by trial judge

   The trial judge did not commit prejudicial error in asking that certain questions and answers be repeated because he did not understand them or in questioning witnesses during a *voir dire* hearing in the absence of the jury to determine the admissibility of evidence.

2. Criminal Law § 84; Searches and Seizures § 2— automobile passenger — standing to object to search

   An automobile passenger had no standing to object to a search of the automobile where the owner and operator of the automobile consented to the search.

3. Narcotics § 4— possession of heroin — automobile passenger

   The State's evidence was sufficient for the jury in a prosecution for possession of heroin where it tended to show that defendant was riding as a passenger in the back seat of an automobile, that an officer saw defendant's hand partially concealing a brown envelope, that capsules in the envelope contained heroin, that the name of a bank in Richmond, Virginia, was printed on the envelope, that defendant lived in Kinston and in Richmond, Virginia, and that defendant had $750 in his pockets.

APPEAL by defendant from *Rouse, Judge,* 30 August 1971 Session of Superior Court held in CRAVEN County.

Defendant, jointly with Larry D. Atkinson and George Batiste, Jr., was charged in a bill of indictment, proper in form, with the felonious possession of a quantity of heroin. Each of the defendants entered a plea of not guilty and the charges against them were consolidated for trial over the objection of Harrison.

The State's evidence tended to show the following: At about 11:30 p.m. on 8 December 1969, a police officer of the City of New Bern stopped an automobile to make a routine driver's license inspection. The three defendants were in the automobile. Atkinson was driving; Batiste was riding in the right front passenger seat; and defendant Harrison was seated in the right rear seat behind Batiste. Atkinson did not have a driver's license and he was placed under arrest. When the officer observed defendant Harrison, moving about in the back seat, he saw his hand partially concealing a brown en-

velope. The officer told all three men to get out of the car. Defendant Harrison left his coat lying on the back seat and stood at the rear of the car with Atkinson and Batiste. The vehicle was registered in Atkinson's name.

The officer asked Atkinson if he could search the automobile and Atkinson gave his consent. As the officer opened the back door, defendant Harrison said, "Wait, let me get my coat." The officer told Harrison to stand right where he was and that he would get Harrison's coat. When the officer picked up Harrison's coat, he also picked up the brown envelope. The brown envelope contained 95 capsules filled with a white powder substance which upon analysis was found to consist of three to five percent heroin. Each of the defendants denied knowledge of the envelope or its contents.

Printed on the envelope was the wording "Southern Bank and Trust Company, Richmond, Virginia." Atkinson and Batiste lived in Goldsboro; Harrison lived in Kinston and in Richmond, Virginia.

The three defendants were carried to the police station where they were searched. Atkinson and Batiste had "only routine things that one would normally carry in his pockets and a very insignificant amount of money." Harrison had seven hundred and fifty dollars in his pockets; Harrison told the officer that he had won the money gambling.

At the close of the State's evidence, nonsuit was entered as to Batiste and the charges against him were dismissed. Similar motions as to Atkinson and Harrison were denied.

Defendants, Atkinson and Harrison, offered evidence in their own behalf which tended to show the following: During the morning of 8 December 1969, Harrison had approximately one hundred dollars plus another six hundred dollars that his father had sent him in cash to help buy a used car. Harrison went with his uncle and a friend to High Point to buy a car, but was unable to find a suitable one. That night Harrison went to Goldsboro where he shot pool. Atkinson went to the pool room in Goldsboro, as did Batiste, where he saw Harrison shooting pool. Later Harrison offered to buy Atkinson a tank of gas if he would take him home to Kinston. After Batiste agreed to ride along in order that Atkinson would have company on the return trip, Atkinson agreed to take Harrison home. Atkinson drove, Batiste rode in right front

seat, and Harrison rode in the back seat. Before they reached Kinston, Harrison asked Atkinson to take him to New Bern. They stopped in Kinston, where Harrison got out of the car for a few minutes, and then they continued on to New Bern. They had been in New Bern only a short time when they were stopped by the police officer. Neither Atkinson nor Harrison knew anything about the envelope lying on the back seat.

From a verdict of guilty as charged and a judgment imposing an active prison sentence, defendant Harrison appealed. As noted above, the charge against Batiste was dismissed at the close of the State's evidence. The record before us does not reflect the disposition of the charge against Atkinson.

*Attorney General Morgan, by Assistant Attorney General Mitchell, for the State.*

*Robert G. Bowers for the defendant.*

BROCK, Judge.

Defendant Harrison objected to the joint trial of the three jointly charged defendants. Defendant concedes that the court has discretionary authority to consolidate or sever cases for trial. In this case, defendant has failed to show an abuse of discretion.

[1] Defendant next assigns as error that the trial judge asked that certain answers and certain questions be repeated because he did not understand them. He also assigns as error that the trial judge questioned the witnesses during the *voir dire* hearing in the absence of the jury to determine the admissibility of evidence. Defendant argues that this testimony was damaging to him and that the repetition tended to accentuate it. We repeat here what was said in *State v. Case*, 11 N.C. App. 203, 180 S.E. 2d 460: "We might concede that it is desirable that no occasion arise which would prompt the trial judge to ask questions of a witness for clarification and understanding of the testimony." Nevertheless, questions by the trial judge do become necessary at times. Defendant has failed to show prejudicial error by the questions asked by the trial judge in this case.

[2] Defendant further assigns as error that the trial court allowed the State to introduce into evidence the envelope found in the automobile and its contents (the capsules containing

heroin). The argument is that defendant Harrison never consented to a search of the car area in which he was seated. The cases cited by defendant are distinguishable because in each of those the accused had standing to object to the search. In this case the accused was merely a passenger in a vehicle which was being operated by its owner. In this case the owner and operator of the automobile consented to the search, and defendant has no standing to object. The envelope and its contents were clearly admissible into evidence.

[3] Finally, defendant assigns as error the failure of the trial judge to grant his motion for nonsuit. In our opinion, the evidence for the State made out a case which was properly submitted to the jury.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.