STATE OF NORTH CAROLINA v. ROBERT EUGENE LIPSCOMB, AND REGINALD T. HARRIS

No. 7329SC701

(Filed 14 November 1973)

1. Criminal Law § 91— guilty plea by co-defendant — denial of continuance

   The trial court did not abuse its discretion in denying defendants' motion for a continuance when a co-defendant withdrew his plea of not guilty and entered a plea of guilty.

2. Criminal Law § 89— corroborating testimony —slight inconsistency

   A slight inconsistency between testimony of a prior witness and testimony by a corroborating witness did not render the corroborating testimony incompetent.

3. Robbery § 4— conspiracy to rob — common law robbery

   The State's evidence was sufficient to be submitted to the jury on issues of defendants' guilt of conspiracy to commit common law robbery and common law robbery where it tended to show that defendants were riding around together, that one defendant stated that some easy money could be gotten at a certain store, that such defendant entered the store in which the 83-year-old proprietor was present while the other defendants waited in the car, that the proprietor "had a scared feeling" when defendant entered the store, that defendant seized a money box and fled to the waiting car, and that all the defendants divided the stolen money.

APPEAL by defendants from *Thornburg, Judge,* May 1973 Session of Superior Court held in RUTHERFORD County.

· The defendants Robert Eugene Lipscomb and Reginald T. Harris were charged, along with two others, in separate bills of indictment, proper in form, with conspiracy to commit common law robbery and with the common law robbery of Mrs. B. M. Melton in the amount of $682.00.

All defendants pleaded not guilty; but after seven jurors had been selected, one of the co-defendants, Robert Lee Clark, entered a plea of guilty to common law robbery.

The defendants were found guilty as charged; and from a judgment imposing a prison sentence of not less than three nor more than five years, they appealed.

*Attorney General Robert Morgan and Assistant Attorney General Eugene Hafer for the State.*

*Robert L. Harris for defendant appellants.*

HEDRICK, Judge.

[1]   Defendants contend the trial court erred in denying their motion to continue when the co-defendant withdrew his plea of not guilty and entered a plea of guilty. A motion for a continuance is addressed to the sound discretion of the trial court whose ruling thereon is not reviewable except in the case of manifest abuse. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1971); *State v. Penley,* 6 N.C. App. 455, 170 S.E. 2d 632 (1969). There being no showing of abuse of discretion in the trial court's refusal to grant the continuance, this assignment of error must be overruled.

[2]   Defendants next assign as error the admission into evidence of the testimony of Deputy Sheriff Dennis Burgess for the purpose of corroboration when, according to defendants, such testimony did not corroborate the testimony given by the principal witness (Mrs. B. M. Melton). There is no question that Officer Burgess did mention one fact — Mrs. Melton pushing defendant Dewberry — which Mrs. Melton failed to disclose during her testimony; however, slight inconsistencies between the prior witness' statements and the corroborating witness' testimony do not "render the corroborating evidence incompetent, but [go] merely to its weight, it being for the jury to

determine whether or not the testimony does in fact corroborate the witness." 2 Strong, N. C. Index 2d, Criminal Law, § 89, p. 615.

[3]   Defendants assign as error the denial of their motion for judgment as of nonsuit. The evidence presented by the State tended to show the following:

On 27 March 1973 the defendants were riding around in Robert Lipscomb's car when Terry Dewberry said "he knowed where he could get some easy money. He said at Melton's Store. . . ." The defendants proceeded to the Melton store and upon arriving there, Dewberry entered the store, unarmed, while the other defendants remained in the car. Mrs. B. M. Melton, 83-year-old operator of the general merchandise store, stated that "this boy came in the store and I had a scared feeling. . . ." Dewberry seized a box containing nearly $700.00 which belonged to Mrs. Melton and fled from the store to the waiting automobile. The defendants later split the money.

This evidence when viewed in the light most favorable to the State, as we are bound to do on a motion for judgment as of nonsuit, is sufficient to overcome such motion and to uphold the verdicts of guilty of common law robbery and conspiracy to commit common law robbery. *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156 (1971).

No error.

Judges BRITT and PARKER concur.