STATE OF NORTH CAROLINA v. JOE OXENDINE

No. 7316SC827

(Filed 9 January 1974)

1. **Burglary and Unlawful Breakings § 5— unlawfully opening vending machine — sufficiency of evidence of defendant's guilt**

    The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of unlawfully opening a coin operated vending machine by the unauthorized use of a key in violation of G.S. 14-56.1 where it tended to show that a burglar alarm on a drink machine at a concession stand was activated in the owner's nearby residence, the owner saw that the door of the machine was open and there were people around the machine, the door was closed and locked and the people left in a yellow car, the owner fired a shotgun at the

car, the coin box and several cases of drinks had been removed from the machine, defendant and another were treated at a hospital for gunshot wounds, defendant's yellow car had shotgun pellet marks on it and blood on the left door, and defendant told a deputy sheriff that he stopped his car at the concession stand to allow his companion to get a drink and crackers and that someone shot him in the face.

2. **Criminal Law § 9— aiders and abettors — driver of getaway car**

   The trial court in a prosecution for unlawfully opening a vending machine properly instructed the jury on aiders and abettors where there was evidence that defendant drove the getaway car to and from the crime scene.

ON *certiorari* to review the trial of defendant before *McLelland, Judge,* 5 February 1973 Session of Superior Court held in ROBESON County.

This is a criminal action in which the defendant, Joe Oxendine, is charged in a warrant, proper in form, with unlawfully and wilfully opening a coin operated vending machine by the unauthorized use of a key in violation of G.S. 14-56.1.

In open court, the defendant entered a plea of not guilty and from a verdict of guilty as charged and a judgment that the defendant be imprisoned for the term of two (2) years, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Jacob L. Safron for the State.*

*Musselwhite, Musselwhite & McIntyre by Fred L. Musselwhite for defendant appellant.*

HEDRICK, Judge.

[1] Defendant first assigns as error the failure of the trial court to grant his motions for judgment as of nonsuit. It is elementary that in a motion for nonsuit the court must consider the evidence in the light most favorable to the State, take it as true, and consider every reasonable inference arising therefrom. *State v. Gaines,* 283 N.C. 33, 194 S.E. 2d 839 (1973); *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156 (1971); *State v. Primes,* 275 N.C. 61, 165 S.E. 2d 225 (1968).

The material evidence presented by the State tends to show the following:

Mr. James Locklear is the owner and operator of a grocery store and concession stand near Maxton, N. C. The concession

stand is a well-lighted shed type structure, open on the front to the public highway and located approximately 125 feet from the mobile home in which Mr. Locklear resides.

One of the machines in the concession stand was a soft drink machine, and this machine and three others were connected to a burglar alarm system devised and installed by Mr. Locklear. At approximatetly 6:00 p.m. on 23 July 1972, Mr. Locklear filled the drink machine with drinks, removed the money from the coin box, and locked the machine. Mr. Locklear went to bed shortly thereafter and was awakened at 2:00 a.m. by the activation of the burglar alarm system. Mr. Locklear then testified as to the following events:

"I got out of bed and went to the window and pulled the window back and I saw that the machine was open. There was somebody at the machine. I don't know how many people there were around the machine and I could not identify the people. * * * There is a type of light in that concession stand. When I saw that my drink machine was open and someone was around it I went to get my gun. * * * The drink machine door was being locked and they were leaving. When the door of the machine was shut they got into the car. I took the gun outside and pulled the trigger and fired the gun at the car. * * *

I could see the car when I fired at it and it was a light yellow color. * * * When I fired, the car left."

When Locklear examined the machine, he found the coin box had been removed and several cases of drinks were missing.

Mr. Locklear informed the Robeson County Sheriff's Department of the events which had transpired; and in the course of their investigation, Officers Goza and Locklear discovered that the defendant and another individual had been admitted to the emergency room of the Scotland County Hospital for treatment of gunshot wounds. Furthermore, investigation at Oxendine's residence disclosed a yellow, black-topped Ford, bearing marks on the left side indicating shotgun pellets and also blood on the left door of the car.

Hubert Stone, a Robeson County deputy sheriff, testified as to the following statements made to him by defendant.

"Joe Oxendine told me that he and Ben Frank Scott had been together on this night. * * * . . . Ben Frank wanted

him (Oxendine) to take him somewhere to get something to eat. Defendant Oxendine told defendant Scott that he would drop him by and let him get a drink and a cracker. Defendant Oxendine said that they pulled over at James Locklear's concession stand at Prospect. * * *

Oxendine stated that he did not get out of the car and left the motor running. Oxendine stated that he stopped and that just about the time Ben Frank Scott got back into the car someone shot him in the face."

Considering this evidence in the light most favorable to the State, we hold that it is sufficient to justify the trial court's denial of defendant's motions for judgment as of nonsuit. This assignment of error is overruled.

[2] In his only other assignment of error the defendant contends that the court committed error in charging the jury on aiders and abettors. It is the duty of the trial judge, even without special request, to declare and explain the law as to all substantial features of the case arising on the evidence, G.S. 1-180, *State v. Mercer*, 275 N.C. 108, 165 S.E. 2d 328 (1968); *State v. Blizzard*, 7 N.C. App. 395, 172 S.E. 2d 106 (1970); and we are of the opinion that the evidence in this case was such as to require the court to instruct on the law applicable to aiders and abettors.

The defendant was afforded a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and BALEY concur.