STATE OF NORTH CAROLINA v. RICKY DALE REAVIS

No. 7425SC445

(Filed 17 July 1974)

1. Searches and Seizures § 3— sufficiency of affidavit to support search warrant

Affidavit was sufficient to support issuance of a search warrant where it set out the amount of marijuana defendant was expected to have, the time of day when delivery was expected to take place, a description of the car defendant would be driving, the reliability of the confidential informer, and a statement by the affiant that he had secured information from other sources that defendant was engaged in selling drugs.

2. Criminal Law § 169; Searches and Seizures § 3— search warrant and affidavit — admission harmless

Even if the trial court erred in allowing into evidence a search warrant and its accompanying affidavit, evidence of defendant's guilt was overwhelming so that the error was not prejudicial.

APPEAL by defendant from McConnell, Judge, 3 December 1973 Session of Superior Court held in CATAWBA County.

Heard in the Court of Appeals 11 June 1974.

On 24 August 1973 Grady W. Conner and Kenneth W. Elliott, two Catawba County law enforcement officers, obtained a search warrant and searched defendant's car. In the trunk of the car they found a brown paper bag containing ten plastic bags of marijuana. The total amount of marijuana in the bags was 323 grams.

Defendant was indicted and tried for possession of marijuana with intent to distribute. At the beginning of the trial,

before any evidence was presented, defendant moved to quash the search warrant on the ground that it was issued without probable cause. The court denied his motion, and the bags of marijuana were introduced into evidence at the trial.

The jury found defendant guilty as charged. From the sentence imposed by the court, defendant appeals.

*Attorney General Robert Morgan, by Assistant Attorney General William F. Briley, for the State.*

*W. Gene Sigmon for defendant appellant.*

BALEY, Judge.

[1]   Defendant contends that there was no probable cause for the issuance of the search warrant and that evidence revealed by the search was inadmissible. This contention cannot be sustained. In order to obtain a search warrant, Officer Conner submitted an affidavit setting forth the facts which established probable cause. In this affidavit he stated that a confidential informer had told him that defendant would deliver marijuana to Steven Wayne Wray on 24 August 1973. The affidavit set out the amount of marijuana that defendant was expected to have; the time of day when the delivery was expected to take place; and a description of the car defendant would be driving. It explained the reasons why the confidential informant was considered reliable. In addition, Officer Conner stated in the affidavit that he had secured information from other sources that defendant was engaged in selling drugs and had checked the accuracy of all his information and found it to be correct as far as he could determine. This affidavit contained sufficient information to justify a finding of probable cause and the issuance of the search warrant. *Draper v. United States,* 358 U.S. 307 (1959) ; *State v. Ellington,* 284 N.C. 198, 200 S.E. 2d 177; *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755.

Upon cross-examination of Officer Conner, defense counsel asked questions about the contents of the affidavit supporting the search warrant, whereupon the court permitted the witness to read the entire affidavit to the jury. Defense counsel also examined the witness about statements which he had made to the court in a pretrial conference concerning the reputation of defendant for distribution of illicit drugs, and the court then allowed the entire conversation to be admitted into evidence. Both the introduction of the affidavit and the information dis-

closed about defendant's prior reputation and charge of a crime for which he was not convicted were precipitated by the inquiries of counsel for the defendant on cross-examination. After it was revealed at the trial that this witness had made a statement to the court in a legitimate pretrial discussion, the court had a clear right to see that the entire conversation was placed on the record so that the full facts would be disclosed and there could be no intimation of any improper conduct.

The court may examine witnesses to clarify their testimony. *State v. Freeman,* 280 N.C. 622, 187 S.E. 2d 59; *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376, *cert. denied,* 393 U.S. 1087; *State v. Case,* 11 N.C. App. 203, 180 S.E. 2d 460.

A witness who has been impeached by prior inconsistent statements must be allowed to explain them. *State v. Minton,* 234 N.C. 716, 68 S.E. 2d 844; *State v. Pulley,* 63 N.C. 8.

[2]    The admission into evidence of the search warrant and accompanying affidavit may be error, *State v. Spillars,* 280 N.C. 341, 185 S.E. 2d 881, but, under the facts here disclosed, we do not consider it to be prejudicial error. The evidence is uncontradicted that defendant was apprehended in the possession of 323 grams of marijuana. When he opened the trunk of his car at the direction of the officers, he grabbed the paper bag containing the marijuana and started to run with it and then threw the bag a short distance when he was tackled by an officer. Since we find the search of the car and the seizure of the marijuana to be proper, the evidence of defendant's guilt is overwhelming, and the admission of the affidavit and search warrant could not reasonably have produced a different result.

Defendant has been convicted by a jury in a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge BRITT concur.