STATE OF NORTH CAROLINA v. KENNETH YOUNG, JR., DENNIS
LAMAR WILLIAMSON, CALVIN TURNER, AND LESTER ARTIS

No. 7526SC399

(Filed 5 November 1975)

1. **Arrest and Bail § 3; Searches and Seizures § 1— probable cause for
warrantless arrest — search incident to arrest**

   An officer had probable cause to arrest defendants without a
warrant for the armed robbery of a motel clerk when an officer,
informed by radio that four black males travelling in a dark vehicle
had just robbed a motel clerk, observed, within 30 seconds of the
radio call, four black males in a dark vehicle run through a stop sign
and toss a dark bag from the car and experienced some difficulty
in physically restraining one of the suspects for purposes of ques-
tioning; consequently the arrest was lawful and evidence obtained
pursuant thereto was not tainted and inadmissible.

2. **Criminal Law § 84; Searches and Seizures § 1— search of police car —
standing to object**

   Defendants had no standing to object to the search of a police
patrol car in which they rode after their arrest since they neither
operated nor owned the car.

3. **Criminal Law § 89— object admissible for corroboration**

   In this armed robbery prosecution, a bag allegedly thrown from
defendants' car was admissible to corroborate an officer's testimony
describing a dark object he saw thrown from the car.

4. **Robbery § 4— armed robbery — sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution
of four defendants for the armed robbery of a motel night clerk.

APPEAL by defendants from *Smith, Judge.* Judgments en-
tered 27 February 1975 in Superior Court, MECKLENBURG
County. Heard in the Court of Appeals 3 September 1975.

This case arose out of an armed robbery in Charlotte on
13 November 1974. According to the State's evidence, Mr.
Charles Hadaway, the Alamo Plaza Motel night clerk and night
auditor, was on duty when the defendants came to the ·elec-
trically controlled door at approximately 2:25 a.m. Responding
to the gestures of one of the defendants, Hadaway released the
control button, and the defendants burst into the lobby as the
door swung open. One of the defendants brandished a handgun,
and Hadaway was knocked to the floor and tape placed over his

eyes. Hadaway heard the electric door close approximately 10 minutes after the defendants had entered the lobby. He removed the tape from his eyes and saw a dark vehicle pull away from the motel driveway. The area near his station was littered with shaving kits and paraphernalia which were usually stored under the counter for the use of visiting patrons. As the car moved out into the street, Hadaway phoned the police and told the dispatcher that four black males had robbed him. Hadaway later learned that approximately $72 was stolen.

As soon as the night clerk phoned in the report of the robbery, the police dispatcher signaled the message to the city's patrol cars. Officer Johnson was approximately one mile from the motel at the time of the radio announcement. Within 30 seconds of receiving the information, Johnson observed a blue Oldsmobile run through a stop sign and continue travelling in a direction away from the scene of the crime. Without using his siren or police dome lights, Johnson followed the Oldsmobile, and as the defendants' car passed over a set of railroad tracks, Johnson noted that a dark colored bag was thrown from the car. At that point, Johnson radioed the dispatcher with information of his continuing "tail" of four black males. Approximately seven blocks later, the Oldsmobile pulled over to the curb and parked. Defendant Artis, the driver, emerged from the car and walked toward an apartment building. Johnson went forward to stop Artis for questioning, but Artis refused to heed Johnson's call to stop and only stopped when the officer grabbed the defendant's arm on the porch of the apartment. Another police officer, D. A. Williams, came upon the scene and walked over to the Oldsmobile to watch the other three defendants while Johnson stopped Artis on the porch.

After searching the defendants and the Oldsmobile and finding no weapons or money on them or in the car, the officers placed the defendants into the squad cars and drove them back to the Alamo Plaza Motel. On the way back to the scene of the crime, Johnson stopped at the railroad crossing and retrieved the dark colored bag which he had earlier seen being thrown from the Oldsmobile. At trial, Johnson testified that the bag looked "like a shaving kit." It contained several dollars in bills and change. After returning to the motel, Johnson went back out to his patrol car, and checking the rear seat, discovered a roll of money amounting to $74 beneath the left rear seat, the place where defendant Artis had sat during the ride back to the

motel. Johnson testified that during a routine check of his car that evening at 11:15 p.m. he had found no money beneath the rear seat. Moreover, Johnson stated that from the time he went on duty until the robbery report at the Alamo Plaza Motel no one but Artis had sat in the back of his patrol car.

Defendants offered no evidence.

Defendants were charged with armed robbery, and the jury returned verdicts of guilty. From judgments sentencing them to terms of imprisonment, the defendants appealed. Defendant Young's appeal has abated because of his death since the time of his trial.

*Attorney General Edmisten, by Assistant Attorney General Edwin M. Speas, Jr., for the State.*

*Clayton S. Curry, Jr., for defendant appellant Williamson.*

*Mercer J. Blankenship, Jr., for defendant appellant Turner.*

*Oliver, Downer, Williams & Price, by Paul J. Williams, for defendant appellant Artis.*

MORRIS, Judge.

Defendants first contend that the police arrested them without probable cause, and that any evidence obtained pursuant thereto is tainted and hence inadmissible. We disagree. Our Supreme Court, following the broad guidelines of the United States Supreme Court, has repeatedly held that an arresting officer may arrest without a warrant ". . . when the officers have probable cause to make it." See *State v. Streeter*, 283 N.C. 203, 207, 195 S.E. 2d 502 (1973).

Though difficult to define, probable cause " 'has been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. * * * To establish probable cause the evidence need not amount to proof of guilt, or even to prima facie evidence of guilt, but it must be such as would actuate a reasonable man acting in good faith.' 5 Am. Jur. 2d, 'Arrests,' § 44 (1962). 'The existence of "probable cause," justifying an arrest without a warrant, is determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.

State v. Young

It is a pragmatic question to be determined in each case in the light of the particular circumstances and the particular offenses involved.' " *Id.*, at 207, quoting from 5 Am. Jur. 2d, Arrests, § 48; other citations omitted. Similarly, the United States Supreme Court has held that the matter of probable cause turns on the " '. . . facts and circumstances within their [i.e., arresting officers'] knowledge and of which they had reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.' " *Id.*, at 207, quoting from *Beck v. Ohio*, 379 U.S. 89, 13 L.Ed. 2d 142, 85 S.Ct. 223 (1964). G.S. 15-41, effective at the time of this arrest, provided, *inter alia*, that:

"A peace officer may without a warrant arrest a person:

.  .  .

(2) When the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody."

Both the United States and North Carolina Supreme Courts have held that "reasonable ground" and "probable cause" are basically equivalent terms with similar meanings. *Draper v. United States*, 358 U.S. 307, 3 L.Ed. 2d 327, 79 S.Ct. 329 (1959); *State v. Harris*, 279 N.C. 307, 182 S.E. 2d 364 (1971).

[1] Thus, the issue for this Court is "whether the facts afforded the officers probable cause to arrest [the] defendant[s] and whether the search of . . . [their persons and property] . . . was incident to that arrest." *State v. Streeter, supra*, at 207. We believe the following factors underscore our determination that probable cause for the arrest existed:

(1) Officer Johnson was approximately one mile from the scene of the crime when he learned that the armed robbery just had occurred.

(2) Officer Johnson knew through the dispatcher's report that the suspects were four black males and that they were seen leaving the motel in a dark vehicle.

(3) During this early morning hour, when the streets were virtually deserted, the officer within 30 seconds of the radio notification, spotted a dark vehicle occupied by four black males as it ran through a stop sign and continued travelling in a direction away from the motel in question.

(4) The officer observed an object that looked like a dark bag being thrown from the defendants' car shortly after the policeman began his "tail."

(5) Defendant Artis continued to walk away from Officer Johnson after he was asked several times to stop.

When all of these factors are taken together, there is little question that the arresting officers had the requisite probable cause to make the arrest. Where the arrest is lawful, the police have the right, without a search warrant, to conduct a contemporaneous search of the person and area within the immediate control for weapons or for fruits of the crime or weapons used in its commission. *Chimel v. California*, 395 U.S. 752, 23 L.Ed. 2d 685, 89 S.Ct. 2034 (1969) ; *State v. Jackson*, 280 N.C. 122, 185 S.E. 2d 202 (1972).

[2] Moreover, none of the defendants have standing to object to the search of the patrol car wherein the money was found. Where the owner and operator of a vehicle consents to a search, third parties cannot protest. *State v. Harrison*, 14 N.C. App. 450, 188 S.E. 2d 541 (1972), cert. denied 281 N.C. 625 (1972). Here the City of Charlotte owned the vehicle and it was operated by Officer Johnson.

[3] Defendants next argue that the bag allegedly thrown from defendants' car as it crossed the railroad tracks is inadmissible. Again, we disagree. The bag is admissible as corroboration of Officer Johnson's testimony describing the dark object which he saw allegedly being thrown from the defendants' car. 2 Strong, N. C. Index, Criminal Law, § 89; Stansbury, N. C. Evidence 2d, §§ 49 and 50, cases there cited. In addition, J. G. Cobb, a witness for the State, referred to State's Exhibit # 3— the bag in question—as a shaving kit "of a very rough grain plastic type finish." He further testified: "There were several of *these* shaving kits on the floor and some masking tape and other things." (Emphasis supplied.) This testimony came in without objection.

[4] Finally, defendants contend that the court erred in overruling their motions for nonsuit. We find no merit in this contention. When considering the evidence in the light most favorable to the State, it is apparent that there was sufficient evidence for the jury to consider in reaching its findings and verdicts. *State v. McNeil*, 280 N.C. 159, 185 S.E. 2d 156 (1971).

We have considered the other assignments of error presented by the defendants and find no merit in them.

No error.

Judges VAUGHN and CLARK concur.