STATE OF NORTH CAROLINA v. GRADY MELVIN HOLLOWAY

No. 138A84

(Filed 28 August 1984)

1. **Criminal Law § 84; Searches and Seizures § 43— motion to suppress evidence—absence of affidavit—waiver of right to suppress**

    Defendant waived his right to seek suppression of evidence seized pursuant to a search warrant on the ground that the deputy clerk who issued the warrant was not neutral where defendant failed to file an affidavit with the motion to suppress as required by G.S. 15A-977(a), and defendant also failed to specify his source of the information or the basis for his belief as required by that statute.

2. **Searches and Seizures § 43— waiver of right to suppress evidence—State's failure to object to form of motion to suppress**

    The State's failure to object to the form of a motion to suppress did not affect either defendant's waiver of his right to seek suppression by failing to file an affidavit to support the motion or the trial court's statutory authority to deny summarily the motion to suppress when defendant failed to comply with the procedural requirements of G.S. Chapter 15A, Art. 53.

    Justice EXUM dissenting.

    Justices COPELAND and FRYE join in this dissenting opinion.

APPEAL of right by the State under N.C.G.S. 7A-30(2) from a decision of a divided panel of the Court of Appeals, 66 N.C. App. 491, 311 S.E. 2d 707 (1984), reversing a judgment entered September 21, 1982 in Superior Court, WILKES County, by *Judge F. Fetzer Mills.*

The defendant pled guilty to trafficking in methaqualone in violation of N.C.G.S. 90-95(h)(2)(b) and trafficking in marijuana in violation of N.C.G.S. 90-95(h)(1)(b). The charges were consolidated for judgment, and the defendant was sentenced to a term of fourteen years imprisonment and fined $50,000. The Court of Appeals reversed on the basis of the trial court's denial of the defendant's motion to suppress evidence obtained pursuant to a search warrant and remanded to Superior Court for a hearing on that issue. Judge Hedrick dissented from the Court of Appeals decision, and the State filed timely notice of appeal to the Supreme Court. The defendant petitioned for discretionary review of additional issues raised in the Court of Appeals. The petition was allowed April 30, 1984. Heard in the Supreme Court June 11, 1984.

*Rufus L. Edmisten, Attorney General, by Angeline M. Maletto, Associate Attorney, for the State appellant-appellee.*

*Moore and Willardson, by Larry S. Moore, John S. Willardson, and William F. Lipscomb, for the defendant appellant-appellee.*

MITCHELL, Justice.

The State appeals from a Court of Appeals decision reversing the trial court's denial of the defendant's motions to suppress evidence and remanding to the trial court for a hearing on the defendant's contention that a Deputy Clerk of Superior Court, Wilkes County did not perform her function of issuing warrants in a neutral and detached way. Because we find that the defendant waived his right to raise on appeal the question of the deputy clerk's neutrality, we hold that the trial court committed no error and reverse the decision of the Court of Appeals.

The defendant, Grady Melvin Holloway, was charged with trafficking in methaqualone and marijuana. He entered pleas of not guilty and filed a motion to suppress evidence seized pursuant to a search warrant which had been issued on March 18, 1982 by Janet Handy, a Deputy Clerk of Superior Court, Wilkes County. The motion to suppress alleged *inter alia* that the warrant was issued without probable cause and that it was improperly executed. The motion also included the following allegation:

4. The defendant is informed and believes and alleges on information and belief that the aforesaid Deputy Clerk of Superior Court of Wilkes County was not a "neutral and detached magistrate" as required to justify the issuance of the search warrant, *State v. Miller*, 16 N.C. App. 1; *State v. Campbell*, 282 N.C. 125 and/or that the application for a search warrant was inadequate.

Hearings on the motion to suppress were held in August and September of 1982. During the hearings the defendant presented evidence tending to show that Deputy Sheriff Sam Winters, S.B.I. Agent John Stubbs and S.B.I. Agent Jonathan Jones visited Magistrate Barry Woods on March 17, 1982. At that time the law enforcement officers related to Woods information they had obtained concerning the defendant's involvement in drug trafficking.

Woods told the officers he did not believe they had produced sufficient evidence of probable cause to justify the issuance of a search warrant. Woods testified that at that time he called District Attorney Michael Ashburn who agreed that there was insufficient probable cause. The following day, after acquiring more information, Deputy Sheriff Winters and S.B.I. Agent Jones went to Janet Handy, Deputy Clerk of Superior Court, to apply for a search warrant. After reading the officers' application and affidavit, Handy issued a search warrant pursuant to her authority under N.C.G.S. 15A-243(b)(2) and N.C.G.S. 7A-181(2).

After the hearing the trial court denied the defendant's motion to suppress. The defendant changed his plea from not guilty to guilty and reserved his right to appeal under N.C.G.S. 15A-979(b) from the denial of his motion. He also reserved the right to present additional evidence on the issue of the suppression motion.

In a subsequent hearing on the motion to suppress, Janet Handy was called as a witness by the defendant. The defendant's counsel questioned Handy about her relationship with officers who applied for the search warrant on March 18, 1982. The following transpired:

Q. Now, did you have any type of social relationship with any of the officers?

MR. ASHBURN: Objection.

COURT: Sustained.

EXCEPTION 42

MR. WILLARDSON: I think at this point this could be important to our motion. We think this goes to the heart of the matter.

COURT: It is going to be a sad thing if a person's personal life is going to be called into Court. If that happened to me, I would quit, if I worked in the Clerk's office—if I were called into Court and had to be questioned about my personal life. That objection is sustained.

EXCEPTION 43

MR. WILLARDSON: I ask that it be answered for the record.

COURT: I sustained the objection.

EXCEPTION 44

MR. WILLARDSON: Can she whisper the answer for the record?

COURT: I sustained the objection.

EXCEPTION 45

The defendant appealed the denial of his motion to suppress to the Court of Appeals, contending that the Clerk did not perform her function in a neutral and detached way in violation of the protections of the Fourth Amendment of the Constitution of the United States. A majority of the three-judge panel disagreed with the trial court on the issue of the Clerk's neutrality and held that the trial court erred in denying "defendant an opportunity to develop, even for the purpose of the record on appeal, matters that could show that the person who issued the search warrant did not perform her function in a neutral and detached way." 66 N.C. App. at 499-500, 311 S.E. 2d at 712. The Court of Appeals reversed and remanded the case to the trial court, stating that the defendant "is entitled to a plenary hearing in an effort to support his contention." *Id.* at 500, 311 S.E. 2d at 712. Judge Hedrick dissented from the majority decision on that issue. He reasoned that since the defendant did not include an affidavit or state specific facts supporting his contention that Handy was not a neutral and detached magistrate, the trial court could have summarily denied the motion to suppress. Judge Hedrick also rejected the defendant's argument on substantive grounds. The State appealed to this Court.

[1] Because we find that the defendant waived his right to raise on appeal the issue of the neutrality of the deputy clerk, we reverse the decision of the Court of Appeals. We remand the case to that Court with instructions to reinstate the judgment entered by the trial court.

A defendant who seeks to suppress evidence upon a ground specified in N.C.G.S. 15A-974 must comply with the procedural requirements of Article 53, Chapter 15A of the General Statutes.

*See State v. Satterfield,* 300 N.C. 621, 268 S.E. 2d 510 (1980).
Specifically, N.C.G.S. 15A-977(a) states that a motion to suppress
evidence made before trial "*must* be accompanied by an affidavit
containing facts supporting the motion. The affidavit may be
based upon personal knowledge, or upon information and belief, *if
the source of the information and the basis for the belief are
stated.*" (Emphasis added.) A judge

may summarily deny the motion to suppress evidence if:

> (1) The motion does not allege a legal basis for the mo-
> tion; or

> (2) The affidavit does not as a matter of law support the
> ground alleged.

N.C.G.S. 15A-977(c). As noted by Judge Hedrick in his dissent, the
Official Commentary which follows the statute states that it is
structured "to produce in as many cases as possible a summary
granting or denial of the motion to suppress. The defendant must
file an affidavit as to the facts with his motion." N.C.G.S. 15A-977,
Official Commentary.

The unverified motion in this case merely states that the
defendant is informed and alleges that the deputy clerk was not a
"neutral and detached magistrate." In violation of the require-
ments of N.C.G.S. 15A-977(a), the defendant filed no affidavit with
his motion to suppress. Although he stated upon information and
belief the deputy clerk was not neutral and detached, that state-
ment appears in the body of the unverified motion to suppress in-
stead of in an affidavit as required by N.C.G.S. 15A-977(a).

In further violation of N.C.G.S. 15A-977(a), the defendant
failed to specify his source of the information or the basis for his
belief. This Court has held that a defendant's failure to comply
with the requirements of Article 53 is a waiver of his right to
suppression of evidence obtained in violation of statutory or con-
stitutional law. *State v. Satterfield,* 300 N.C. 621, 268 S.E. 2d 510
(1980). Furthermore, the defendant has the burden of showing
that he has complied with the procedural requirements of Article
53. *Id.* at 624-25, 268 S.E. 2d at 513-14. Because the defendant
failed to file an affidavit to support the general information and
belief alleged in his motion, we hold that he waived his right to

seek suppression on constitutional grounds of the evidence seized pursuant to the search warrant.

**[2]** The defendant contends that because the State did not object to the sufficiency of the motion to suppress at trial, or to the evidentiary hearing held on the motion, the State cannot now raise the issue of the motion's deficiency for the first time before this Court. We find no merit in this contention. We have held that defendants by failing to comply with statutory requirements set forth in N.C.G.S. 15A-977 waive their rights to contest on appeal the admission of evidence on constitutional or statutory grounds. *State v. Maccia,* 311 N.C. 222, 316 S.E. 2d 241 (1984); *State v. Satterfield,* 300 N.C. 621, 268 S.E. 2d 510 (1980). The State's failure to object to the form of the motion affects neither that waiver nor the authority statutorily vested in the trial court to deny summarily the motion to suppress when the defendant fails to comply with the procedural requirements of Article 53. The trial court could properly have denied the defendant's motion to suppress based on the defendant's procedural failures alone, and we therefore reverse the decision of the Court of Appeals.

The defendant has argued that instead of remanding on the issue for further hearing, the Court of Appeals should simply have reversed the trial court's denial of the motion to suppress because of the deputy clerk's lack of neutrality. For the reasons stated herein, we have held that the trial court could properly deny the motion to suppress on this ground summarily and that the Court of Appeals erred in reversing and remanding the case for a new hearing as to the deputy clerk's neutrality *vel non. A fortiori* the Court of Appeals did not err in failing to reverse absolutely the trial court's denial of the defendant's motion to suppress on the ground of lack of neutrality.

We note that although the defendant petitioned this Court for discretionary review of other issues, he has briefed no issues other than the ones discussed in this opinion. Since the defendant has briefed no additional issues, they are deemed abandoned. *See* Rule 16, North Carolina Rules of Appellate Procedure.

For reasons discussed herein, the decision of the Court of Appeals is reversed and the case is remanded to that Court with instructions to reinstate the judgment of the trial court.

Reversed and remanded.

Justice EXUM dissenting.

I vote to affirm the decision of the Court of Appeals for the reasons stated in that court's majority opinion. I disagree with this Court's conclusion that defendant waived his right to challenge the neutrality of the magistrate because he did not attach an affidavit to his motion to suppress as required by N.C. Gen. Stat. § 15A-977(a).

Had the trial court summarily dismissed the motion for this procedural default, the ruling would have been correct. But defendant would then have been in a position to reassert his motion with an attached affidavit and to have it heard on the merits.

As the case stands, the trial court with the state's acquiescence heard the motion and ruled on its merits. No question was raised regarding the lack of a supporting affidavit by either the trial court or the state. Undoubtedly this was because an affidavit would probably have asserted no more, substantively, than the motion itself asserted. The lack of a supporting affidavit was raised for the first time by the state in this Court. Under these circumstances I would hold the state waived its right to have the motion summarily dismissed at trial by failing to raise defendant's procedural default at that stage of the proceeding.

Under the majority's holding defendant is forever precluded from having a court properly address the substance of his motion because of a procedural default which could have been cured in the trial court had either the trial court or the state then relied on it. Having not then relied on it, the state should not be permitted to avoid defendant's motion by asserting the procedural default for the first time in this Court. If the shoe were on the other foot, and defendant had failed to object at trial to a similar procedural default on the state's part, the Court, I am satisfied, would have no difficulty holding that defendant had waived his right to object on appeal.

I note, too, that whether a magistrate issuing a search warrant is neutral and detached is an issue more crucial than ever in light of *United States v. Leon*, --- U.S. ---, 52 U.S.L.W. 5155 (decided 5 July 1984). *Leon* holds that evidence seized pursuant to

a warrant issued by a "detached and neutral magistrate but ultimately found to be unsupported by probable cause" is admissible under the Fourth Amendment. Gone is the Fourth Amendment's probable cause requirement insofar as it protects a citizen from being convicted on the basis of evidence seized in its absence pursuant to a warrant. Now under the Fourth Amendment when a warrant is required all that stands between the state's ability to search for and seize evidence and use it in court and the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures" is a "detached and neutral magistrate."

Justices COPELAND and FRYE join in this dissenting opinion.