State v. Hall

No. 848SC453

(Filed 19 February 1985)

**1. Criminal Law § 84— evidence allegedly unlawfully seized—no basis for suppression**

The trial court did not err in denying defendant's pretrial motion to suppress evidence discovered in a search of the area in which he was arrested, since defendant's motion alleged no legal basis for suppression and was unsupported by affidavits.

**2. Narcotics § 4.3— possession of heroin—sufficiency of evidence**

In a prosecution of defendant for possession of heroin, evidence was sufficient to be submitted to the jury where it was ample to raise the inference that defendant possessed a bottle containing heroin which he threw into an alleyway when he observed the presence of police officers.

**3. Narcotics § 4.5; Criminal Law § 112.4— circumstantial evidence—request for instructions properly denied**

The trial court did not err in refusing to give defendant's requested instructions on circumstantial evidence where the State offered eyewitness testimony that defendant was in actual possession of a bottle resembling one containing heroin found in an alleyway.

**4. Criminal Law § 122.2— failure of jury to reach verdict—further instructions proper**

Where the jury announced its inability to reach a verdict after considering the case for less than an hour, the trial court did not err in giving additional clarifying instructions on the role of the jury, sending the jury back to deliberate further, and denying defendant's motion to declare a mistrial.

APPEAL by defendant from *Peel, Judge.* Judgment entered 27 October 1983 in Superior Court, WAYNE County. Heard in the Court of Appeals 4 February 1985.

Defendant was charged in a proper bill of indictment with possession of a controlled substance, heroin, with intent to sell and deliver. The matter came on for trial on 20 September 1983, and the jury returned a verdict of guilty of the lesser included offense of possession of a controlled substance, heroin. The court entered judgment on the verdict and sentenced defendant to the presumptive term of two years in prison. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Duke and Brown, by John E. Duke, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] In his first assignment of error, defendant challenges the court's denial of his pre-trial motion to suppress evidence discovered in a search of the area in which defendant was arrested. N.C. Gen. Stat. Sec. 15A-977 in pertinent part provides:

(a) A motion to suppress evidence in superior court . . . must state the grounds upon which it is made. The motion must be accompanied by an affidavit containing facts supporting the motion.

. . .

(c) The judge may summarily deny the motion to suppress evidence if:

(1) The motion does not allege a legal basis for the motion; or

(2) The affidavit does not as a matter of law support the grounds alleged.

In the instant case, the motion to suppress filed by defendant contained the following allegations concerning the challenged search:

NOW COMES the defendant, Jerry Simms Hall, and moves to suppress the following:

. . .

2. Any evidence obtained as a result of a search without a search warrant.

As grounds for said motion to suppress, the defendant respectfully shows . . . that no evidence was obtained from the defendant; that the defendant had no controlled substance in his possession nor in his control at the time of his arrest.

WHEREFORE, the defendant moves that said evidence be suppressed, as the same was in violation of Article IV . . . and Article XIV, of the amendment to the Constitution of the United States, and that this verified Motion be accepted in support of said Motion to Suppress.

Defendant filed no affidavit in support of his motion.

While the record in the instant case reveals that the trial judge conducted a lengthy hearing on defendant's motion to suppress, making detailed findings of fact, we think it clear that the court could have summarily denied defendant's motion, which alleges no legal basis for suppression and which is unsupported by affidavits. Indeed, our examination of the motion filed by defendant reveals that the stated "grounds" for suppression are so vague as to be no grounds at all. We hold that defendant, by his failure to comply with the statutory requirements set out in G.S. 15A-977, has waived his right to contest on appeal the admission of evidence seized in the challenged search. *State v. Holloway*, 311 N.C. 573, 319 S.E. 2d 261 (1984). The assignment of error is overruled.

Defendant's second assignment of error is set out in his brief as follows: "The trial court committed reversible error in improperly allowing testimony by Chemist Evans identifying Exhibit 9 on the grounds that the State failed to properly prove a chain of custody for Exhibit 9 and its contents." This assignment

---

---

of error is based on Exception No. 2, set out in the transcript as follows:

> MR. COPELAND: Your Honor, at this time I move to introduce state's Exhibits 1 through 9 into evidence.
>
> MR. DUKE: To which we object.

Exception #2.

Following defendant's objection, the trial court considered the State's motion as to each individual exhibit, and admitted each of the exhibits into evidence.

Rule 10, North Carolina Rules of Appellate Procedure, in pertinent part provides:

> (a) *Function in Limiting Scope of Review.* Except as otherwise provided in this Rule 10, the scope of review on appeal is confined to a consideration of those exceptions set out and made the basis of assignments of error in the record on appeal in accordance with this Rule 10. No exception not so set out may be made the basis of an assignment of error. . . .
>
> (b) *Exceptions.*
>
> (1) . . . Each exception shall be set out immediately following the record of judicial action to which it is addressed and shall identify the action, without any statement of grounds or argumentation, by any clear means of reference.

In the instant case, we are unable to identify the judicial action that defendant wishes to challenge on appeal. Contrary to the requirements of Rule 10(b)(1), Exception No. 2 is not set out "immediately following the record of judicial action to which it is addressed," but instead appears immediately after defendant's objection to the State's motion. Furthermore, even if we were to assume that defendant intended to except to the court's admission into evidence of the exhibits, such exception would not support defendant's assignment of error, which concerns admission of testimony by "Chemist Evans." Indeed, the testimony of Mr. Evans appears in the transcript some one hundred pages before defendant's noted exception. Because we cannot identify the judicial action defendant has attempted to challenge, we are unable to consider the merits of this assignment of error.

**[2]** Defendant next contends the court erred "in failing to dismiss the charges . . . due to the insufficiency of evidence." Evidence adduced at trial, considered in the light most favorable to the State, tended to show the following: On 6 May 1983 Goldsboro police officers went to a Goldsboro poolroom; the officers were looking for defendant. When they arrived at the scene, officers observed the defendant on the sidewalk outside the building. When defendant saw the officers, he threw a "small round object" "of grayish-whitish color" "[s]haped like an Anacin bottle" over a fence into an alley. One of the officers climbed over the fence into the alley to look for the object. The alleyway had "small" grass in some areas and was bare in others. The officer "combed the whole area" and found a small white bottle. No items of similar appearance were found in the alleyway. The bottle was found to contain eight tinfoil packets, which contained white powder. Chemical analysis of the powder revealed that the substance was heroin.

Defendant contends that the above evidence is insufficient to show "that he was ever in possession of any heroin." We do not agree. Evidence introduced by the State was ample to raise an inference that defendant possessed a bottle containing heroin which he threw into an alleyway when he observed the presence of police officers. The assignment of error is without merit.

**[3]** Defendant next assigns error to the court's refusal to give requested instructions on circumstantial evidence. The instruction requested by defendant in pertinent part provides:

> There is no eyewitness testimony or direct evidence that the defendant committed the crime charged in this case. The State contends that the circumstances in evidence, taken together, establish the guilt of the defendant. In other words, the State relies upon what is known as circumstantial evidence.

We think the court was correct in refusing to give the requested instruction. The State offered eyewitness testimony that defendant was in actual possession of a bottle resembling that found in the alleyway. The requested instruction is proper only in cases in which the State offers no direct evidence. *See State v. Bates*, 309 N.C. 528, 308 S.E. 2d 258 (1983).

**[4]** Defendant finally assigns as error the court's refusal "to declare a mistrial·upon the jury announcing that they could not agree upon a verdict." The record reveals that after the jury had considered the case for less than an hour, it returned to the court-room and the following exchange occurred:

> FOREMAN: We're at an impasse and we do not know how to proceed any further.

> COURT: Is it some question of procedure, or is it—

> FOREMAN: We cannot reach a verdict on the—a hung jury would be the way to put it, we cannot reach a verdict unanimously of any of these three verdicts.

> COURT: You are not able to arrive at a verdict, you say?

> FOREMAN: That's correct.

The court then gave additional clarifying instructions on the role of the jury in accordance with N.C. Gen. Stat. Sec. 15A-1235(b) and on the requirement that any verdict rendered must be unanimous. After the court's instructions the following dialogue occurred:

> FOREMAN: May I ask a question?

> COURT: Yes, sir.

> FOREMAN: We must reach a unanimous verdict of one of these three?

> COURT: No, no, in order to arrive at a verdict it must be unanimous, before you can arrive at any verdict it must be unanimous, but I'm not ordering, saying that you have to agree—I have tried to explain it otherwise.

> FOREMAN: I realize you're not telling us we have to reach a verdict. My question is for us to reach a verdict in our own minds, it must be one of these three verdicts and it must be unanimous?

> COURT: Yes, sir, any verdict must be unanimous. There must be a meeting of the minds before you can arrive at any verdict in this case, yes, sir.

The jury then resumed their deliberations, at which time defendant asked that the court act immediately to declare a mistrial if the jury, upon being called back to the courtroom, had not reached a verdict. Judge Peel denied defendant's request.

N.C. Gen. Stat. Sec. 15A-1235(c) provides in pertinent part:

If it appears to the judge that the jury has been unable to agree, the judge may require the jury to continue its deliberations and may give or repeat the instructions provided in subsections (a) and (b).

In the instant case the court's actions were expressly sanctioned by the above-quoted statute. Furthermore, it is well settled that the decision of the trial judge to declare or to refuse to declare a mistrial pursuant to the provisions of G.S. 15A-1235(d) is reviewable only for abuse of discretion. *State v. Wall*, 304 N.C. 609, 286 S.E. 2d 68 (1982). The record in this case contains no indication that Judge Peel abused his discretion, nor does defendant make such a contention in his brief. The assignment of error is without merit.

We hold defendant had a fair trial free from prejudicial error.

No error.

Judges JOHNSON and COZORT concur.