STATE OF NORTH CAROLINA v. BILLY REVARN HOWIE

No. COA01-1459

(Filed 5 November 2002)

**Appeal and Error— preservation of issues—admissibility of evidence—general objection—no motion to suppress**

A cocaine possession defendant who raised only general objections and did not move to suppress waived his objections to the admissibility of the evidence. N.C.G.S. § 15A-975.

Appeal by defendant from judgment entered 26 July 2001 by Judge Mark E. Klass in Union County Superior Court. Heard in the Court of Appeals 14 October 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Tina A. Krasner, for the State.*

*David Childers for defendant.*

Tyson, Judge.

Billy Revarn Howie, ("defendant") appeals from a judgment entered upon a jury's verdict finding him guilty of felony possession of cocaine and of being a habitual felon. Defendant was sentenced to an active prison term of between 100 months to 129 months.

## I. Facts

On 18 June 2000, City of Monroe police officers, Pierce and McAllister, responded to a call at the Economy Inn. The police spoke with two women arguing over possession of a motor vehicle and other issues in the parking lot of the motel.

One of the women invited the officers to Room 54 where the officers first saw Billy Revarn Howie, ("defendant"). Defendant invited the officers inside the room to continue the discussion about the incident in the parking lot. Officer Pierce conducted a weapons search in the room. Consent to search was neither asked for nor given to the officers.

Officer Pierce noticed that one of the "knobs" on the bathroom sink was off, and that plastic bags were located in the cavity. Officer Pierce called Officer McAllister to look at the bags. The officers determined the bags may have "illegal narcotics" in them.

They removed the bags and concluded the contents to be "crack cocaine."

Defendant was apprised of his rights against self-incrimination and the right to counsel. He signed a statement that he had rented the room and that the cocaine belonged to him. A further search was conducted, and seizure of more drugs occurred. Defendant was placed under arrest, transported to the police department, and charged with felony possession of cocaine. At trial, defendant presented no evidence prior to the sentencing phase. The jury convicted defendant of cocaine possession and found him to be a habitual felon. Defendant appeals.

## II. Issues

Defendant argues that the trial court committed reversible error by allowing the state to introduce into evidence the cocaine seized from a motel room pursuant to a search without (a) consent of defendant or the other occupant of the room, (b) a search warrant, (c) exigent circumstances, or (d) sufficient probable cause. (2) The defendant also contends that the trial court's denying defendant's motions to dismiss the cocaine charges and to set aside the guilty verdict where the charges were based on illegally obtained evidence constitutes reversible error. (3) The defendant also asserts that the denial of defendant's motion to dismiss the indictment for being a habitual felon because the cocaine charge, which served as the substantive, predicate felony for habitual felon status, was based upon illegally seized evidence was reversible error.

## III. Legality of the Search and Seizure

All of defendant's arguments rest upon defendant's first assertion that the trial court erred in allowing the cocaine seized pursuant to an illegal search to be introduced into evidence. The legality of the search is a threshold question with respect to our review of the other contentions. Defendant alleges that the search took place without either consent of defendant or the other occupant of the room, a search warrant, exigent circumstances, or sufficient probable cause. Defendant made general objections to the admission of this evidence at trial.

A motion to suppress made before or during trial is required to properly preserve for appeal an objection to the admissibility of evidence. N.C.G.S. § 15A-979(d) (2001) states, "[a] motion to suppress

evidence made pursuant to this Article is the exclusive method of challenging the admissibility of evidence upon the grounds specified in G.S. 15A-974." N.C.G.S. § 15A-974 (2001) outlines the procedure for excluding evidence seized in violation of the Constitutions of the United States and North Carolina as well as for substantial violations of North Carolina Criminal Procedure statutes.

Defendant contends that the search of his motel room was illegal because it was conducted without either consent, a search warrant, exigent circumstances or sufficient probable cause. These prerequisites for a legal search derive from the constitutional protection prescribed by the 4th and 14th Amendments of the U.S. Constitution and by Article I, § 20 of the N.C. Constitution. Defendant did not preserve these arguments pursuant to N.C.G.S. § 15A-979(d).

Our Supreme Court has held that failure to raise the admissibility question for evidence obtained in an allegedly unlawful search by a motion to suppress constituted a waiver by the defendant of his objection to the admission of the evidence. *State v. Hill*, 294 N.C. 320, 333, 240 S.E.2d 794, 803 (1978). In *Hill*, the trial court found that defendant had a "reasonable opportunity to move to suppress the evidence . . . ." *Id.* at 333-34, 240 S.E.2d at 803.

N.C.G.S. § 15A-975(a) specifies that a defendant must move to suppress evidence prior to trial unless the defendant did not have reasonable opportunity to make the motion before trial or unless a motion to suppress is allowed during trial under subsection (b) or (c). Subsections (b) and (c)

> authorize a motion to suppress during trial 'when the State has failed to notify the defendant's counsel or, if he has none, the defendant, sooner that 20 working days before trial, of its intention to use the evidence,' and the evidence is of a specified nature; or when 'additional pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before' the denial of his pretrial motion.

*State v. Drakeford*, 37 N.C. App. 340, 345, 246 S.E.2d 55, 59 (1978) (quoting N.C.G.S. § 15A-975(b), (c)).

Our Court in *State v. Drakeford* held that "15A not only requires the defendant to raise his motion according to its mandate, but also places the burden on the defendant to demonstrate that he has done so." *Id.* at 345, 246 S.E.2d at 59. The facts in *Drakeford* are similar to

IN RE DECISION OF THE STATE BD. OF ELECTIONS

[153 N.C. App. 804 (2002)]

those in the present case. Defendants did not move to suppress the evidence as the fruits of an alleged illegal search of a motel room prior to trial and made only general objections to that evidence at trial. *Id.* at 344, 246 S.E.2d at 58. This Court held that a motion to suppress is "the exclusive method of challenging the admissibility of evidence on constitutional or statutory grounds." *Id.* at 345, 246 S.E.2d at 59 (citation omitted).

Defendant merely raised general objections at trial and failed to move to suppress. Defendant waived his objections to the admissibility of the evidence. We find no error.

No Error.

Chief Judge EAGLES and Judge THOMAS concur.