STATE OF NORTH CAROLINA
v.
TROY LAMONT CROCKETT.
No. COA07-371
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Douglas A. Johnston and Assistant Attorney General William B. Crumpler, for the State.
Nancy R. Gaines, for defendant-appellant.
TYSON, Judge.
Troy Lamont Crockett ("defendant") appeals from judgments entered after a jury found him to be guilty of two counts of robbery with a dangerous weapon pursuant to N.C. Gen. Stat. § 14-87. We dismiss defendant's appeal.

I. Background
The State's evidence tended to show that on 5 February 2006, N.K. Patel ("Patel"), part owner of The Curve View Express Market, was working at the register. Around 4:45 p.m., Patel was waiting on Billy Hunt ("Hunt"), a customer, when two armed men entered the store. One man brandished a pistol and demanded Hunt's wallet. Hunt handed over his wallet containing $70.00 to one of the men. The other man, later identified as defendant, carried a shotgun and wore a towel around his head so that only his eyes were visible. Defendant pointed the shotgun at Patel's head and demanded the money from the cash register. Patel opened the cash register and took out the drawer. As defendant bent over to take the money from the drawer, the towel dropped down and Patel saw defendant's face. Defendant grabbed all the bills from the drawer, approximately $224.00. Defendant and his accomplice exited the store. Patel called the police immediately.
On the way to the store, located on McBriar Street and Warren Streets, Shelby Police Department Officers L.A. Cox ("Officer Cox") and Barbie Ledford ("Officer Ledford") received information that the two men ran south on McBriar Street toward the McBriar Street Apartments. As the officers patrolled McBriar Street, they observed a man run and dart behind a hedgerow, located about 0.2 miles from The Curve View Express Market. The officers continued driving down McBriar Street past the hedgerow and, in the rearview mirror, saw the man step out from behind the hedgerow.
Officer Cox turned the patrol car around, stopped the car, and ordered the man to lie onto the ground. The man complied. When Officer Ledford patted the man down, she found a large quantity of money wadded up in the man's back right pocket totaling $286.00. The officers detained defendant and called for a show-up identification procedure. A police officer drove Patel to defendant's location. Patel recognized defendant and identified him as "the man with the towel" and told the officers, "this is the person [who] robbed me." On 13 February 2006, defendant was indicted on two counts of robbery with a dangerous weapon. On 25 August 2006, the jury found defendant guilty of two counts of robbery with a dangerous weapon. The trial court found defendant to be a Prior Record Level II offender and sentenced him to two consecutive terms of a minimum of seventy-five months and a maximum of ninety-nine months imprisonment. Defendant appeals.

II. Issue
Defendant argues the trial court erred by admitting Patel's show-up identification because it resulted from an unlawful arrest.

III. Admission of Evidence
In defendant's sole argument, he contends he was unlawfully arrested and the trial court erred by admitting Patel's show-up identification. For the first time on appeal, defendant asserts the officers seized him without a reasonable articulable suspicion and the resulting show-up identification should have been excluded under the Fourth Amendment of the United States Constitution. Defendant did not preserve this argument pursuant to N.C. Gen. Stat. § 15A-979(d).
"A motion to suppress made before or during trial is required to properly preserve for appeal an objection to the admissibility of evidence." State v. Howie, 153 N.C. App. 801, 802, 571 S.E.2d 245, 246 (2002), cert. denied, 357 N.C. 167, 581 S.E.2d 64 (2003). N.C. Gen. Stat. § 15A-975(b) and (c) (2005) requires a defendant to move to suppress evidence prior to trial unless the defendant did not have reasonable opportunity to make the motion before trial, or unless: (1) a motion to suppress is allowed during trial due to the State's failure to notify the defendant more than twenty working days before trial of its intention to use the evidence or (2) when the defendant discovers "additional pertinent facts . . . which he could not have discovered with reasonable diligence before the determination of the motion."
Our Supreme Court has held:
Chapter 15A, Article 53, of the General Statutes sets forth the exclusive method for challenging evidence on the ground that its exclusion is constitutionally required. The defendant has the burden of showing that he has complied with the procedural requirements of Article 53. . . . When no exception to the general rule applies, failure to make a timely motion to suppress prior to trial is a waiver of any right to contest the inadmissibility of evidence on constitutional grounds.
State v. Maccia, 311 N.C. 222, 227-28, 316 S.E.2d 241, 244 (1984).
Here, defendant failed to move to suppress or assert that an exception to the general rule applies. Defendant has not carried his burden and has waived his objections to the admissibility of the evidence. This assignment of error is dismissed.

IV. Conclusion
Defendant did not preserve his argument for appeal pursuant to N.C. Gen. Stat. § 15A-979(d). The trial court properly admitted the evidence of Patel's identification of defendant. Defendant's appeal is dismissed.
Dismissed.
Judges GEER and STEPHENS concur.
Report per Rule 30(e).