An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-43

Filed: 6 October 2015

Person County, No. 09CRS052132, 09CRS001009

STATE OF NORTH CAROLINA

v.

FELIX EUGENE ALLEY, IV, Defendant.

Appeal by Defendant from judgments entered 30 May 2014 by Judge Michael O'Foghludha in Person County Superior Court. Heard in the Court of Appeals 12 August 2015.

> *Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Kimberly D. Potter, for the State.*
>
> *Kimberly P. Hoppin, for the Defendant.*

DILLON, Judge.

Felix Eugene Alley, IV, ("Defendant") appeals from judgments entered upon jury verdicts finding him guilty of second-degree murder and discharging a firearm into an occupied vehicle. We find no error.

## I. Background

The evidence at trial tended to show the following: In the early morning hours of 14 October 2009, Defendant and Frankie Napier became involved in an altercation

at Defendant's residence. Mr. Napier physically subdued Defendant and began making his way outside to leave. As he did, Defendant retrieved a handgun and began firing it in Mr. Napier's direction. Autumn Martin, who had been waiting outside in a vehicle, was struck several times by the shots and died a short time later from her wounds.

Shortly thereafter, Defendant was indicted with first-degree murder and discharging a firearm into an occupied vehicle by a Person County grand jury. At the conclusion of a lengthy trial, the jury found Defendant guilty of second-degree murder and discharging a firearm into an occupied vehicle. The court sentenced Defendant to 188 to 235 months in prison for the murder and 25 to 39 months for discharging a firearm into an occupied vehicle, and ordered that the sentences run consecutively. Defendant entered notice of appeal in open court.

## II. Analysis

Defendant makes two arguments on appeal, which we address in turn.

### A. Testimony by Paramedic

Defendant first argues that the trial court erred in allowing certain testimony by the paramedic who treated him once he was in police custody. Specifically, Defendant contends that the paramedic's testimony violated his rights under the Fifth Amendment to the United States Constitution and Article 1, Section 23 of the North Carolina Constitution. However, while Defendant objected to the introduction

of this testimony at trial, he failed specifically to make a motion to suppress it, as would have been required to preserve the issue for appellate review. Under North Carolina law, "a motion to suppress is the exclusive method of challenging the admissibility of evidence on constitutional or statutory grounds," *see State v. Howie*, 153 N.C. App. 801, 804, 571 S.E.2d 245, 247 (2002) (internal marks omitted), and the failure to make such a motion constitutes waiver of the right to suppression of the evidence alleged to have been illegally obtained, *see State v. Holloway*, 311 N.C. 573, 578, 319 S.E.2d 261, 264 (1984). *See also* N.C. Gen. Stat. § 15A-974(a)(1) (2014). Accordingly, this argument is dismissed.

## B. Jury Instructions

Defendant next argues that the trial committed plain error in failing to instruct the jury adequately regarding the defense of voluntary intoxication. Specifically, Defendant contends that voluntary intoxication negates the specific intent necessary for proof of discharging a firearm into an occupied vehicle, and his conviction for second-degree murder demonstrates that the jury found he lacked this intent. However, as Defendant concedes in his reply brief, discharging a firearm into an occupied vehicle is a general intent crime, and voluntary intoxication does not negate the existence of general intent. *State v. Jones*, 339 N.C. 114, 148, 451 S.E.2d 826, 844 (1994). Therefore, we hold that the trial court did not err – much less commit

plain error – in failing to instruct the jury otherwise. Accordingly, this argument is overruled.

### III. Conclusion

We believe Defendant received a fair trial, free from prejudicial error.

NO ERROR.

Judges CALABRIA and ELMORE concur.

Report per Rule 30(e).