STATE v. CHANCE

[130 N.C. App. 107 (1998)]

STATE OF NORTH CAROLINA v. PHYLLIS ANN CHANCE

No. COA97-652

(Filed 7 July 1998)

**1. Criminal Law— motion to suppress statements—accompanying affidavit**

There was no prejudicial error in a prosecution for trafficking in cocaine by possession in the trial court's denial of defendant's pretrial motion to suppress inculpatory statements based on the affidavit accompanying the motion being attested by defendant's attorney rather than by defendant personally. It has previously been held that a defendant is not compelled to file her own affidavit and N.C.G.S. § 15A-977 does not expressly require that the affidavit submitted in support of a motion to suppress be that of the defendant. However, the incriminating information was admitted through other unchallenged testimony and it appears likely that defendant would in any event have been convicted of drug trafficking.

**2. Evidence— reputation for not using drugs—not admissible**

There was no prejudicial error in a prosecution for trafficking in cocaine by possession in the exclusion of testimony by a minister that defendant had a reputation for not using drugs. The record reflects that the stricken answer was "I don't know anything about the drugs," suggesting that the witness had no knowledge of defendant's reputation regarding use of controlled substances and that her answer would not have assisted defendant. Moreover, the minister had not seen defendant regularly for nearly two years and lived in a different community. Defendant attempted no additional questions, and made no proffer of what responses would have been forthcoming upon such questioning. Assuming that the trial court improperly excluded the disputed testimony, defendant failed to show a reasonable possibility that a different result would have been reached had such error not been committed.

**3. Evidence— prior drug test results—relevance**

The trial court did not err in a prosecution for trafficking in cocaine by possession by sustaining the State's objection to defendant's proffer of a 1993 drug test result on the grounds that the evidence lacked relevance to the 1996 offense.

Appeal by defendant from judgment entered 12 December 1996 by Judge Henry V. Barnette, Jr. in Wake County Superior Court. Heard in the Court of Appeals 25 February 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General David R. Minges, for the State.*

*J. Lee Carlton, Jr., for defendant-appellant.*

JOHN, Judge.

Defendant appeals conviction of trafficking in cocaine by possession, arguing the trial court erred by: 1) denying her pretrial motion to suppress and 2) excluding certain character evidence. We hold the trial court committed no prejudicial error.

The State's evidence at trial tended to show the following: Wake County Deputy Sheriff Julian Patrick Cullifer (Cullifer) testified that, following several drug purchases by undercover agents at 4632 Arrowhead Drive in Apex, North Carolina, a search warrant for the premises was obtained 6 March 1996.

On 7 March 1996, a team of police, including Cullifer and Officer David McGee (McGee) of the Wake County Sheriff's Department Drug and Vice Unit, executed the search warrant. Inside the Arrowhead Drive trailer, the officers discovered five persons, including defendant and her sons, Luthanial and Howard McCullers (Luthanial; Howard). Defendant was located in a rear bedroom, which was fully furnished and contained a large quantity of women's clothing. Officers observed several homemade crack cocaine smoking devices in the room on the floor inside a partially-finished wall. Cullifer testified he inquired "who was responsible for the residence," and defendant replied that she rented it. A utility bill in defendant's name was found in the kitchen. In addition, crack cocaine and marijuana were located on and under the living room couch, on the refrigerator top and under a bed. Digital scales were recovered from a dresser drawer in one of the bedrooms. A search of Luthanial revealed $900 cash in his possession. Following the search, defendant and Luthanial were placed under arrest.

According to McGee, he asked defendant prior to her arrest if she knew the whereabouts of Alfonzo Ingram (Ingram), from whom undercover officers had previously made cocaine purchases at defendant's residence. Defendant responded, "he is involved with my son Luthanial, they are selling drugs here." Defendant told McGee

that Ingram could be found at the Ramada Inn in Apex. McGee thereupon dispatched officers to that location where Ingram was indeed apprehended.

McGee further testified as follows: On 8 March 1996, an attorney was appointed to represent defendant. On that same day defendant sent word to McGee, via bail bondsman C.L. Collins, that she was ready to provide information. McGee advised defendant of her right to have her attorney present during questioning, but defendant insisted she wanted to speak with McGee without her lawyer present and signed a waiver of that right. Defendant thereupon told McGee that Ingram was her second cousin, and that she had moved out of the trailer after losing control over her sons who, along with Ingram, were dealing drugs therein. She admitted she smoked crack cocaine and that Ingram was her supplier, but indicated the cocaine police discovered at the trailer belonged to Luthanial. She also acknowledged receiving funds regularly from Ingram to help pay bills.

Called as a witness, Ingram related that defendant had observed him and Luthanial selling cocaine at the trailer, and that he supplied defendant with cocaine for her personal use and gave her money to facilitate her payment of bills.

Defendant testified she had not asked to see McGee while she was in custody, but that he had initiated questioning her. She maintained she was unaware of any drugs being sold from the trailer, that she had not used cocaine at that residence, and that Ingram had not given her any financial assistance. Defendant further stated she was employed as a school bus driver and also worked in a restaurant. She maintained she and her two younger sons, James McCullers and Jamison Chance, had moved from the Arrowhead Drive residence in December 1995 because the neighborhood was a drug infested area, but that she had returned briefly on 7 March 1996 to pick up a book and some clothes. Finally, defendant asserted she did not know cocaine was located in the trailer on that date.

The trial court sustained the prosecutor's objection to defendant's tender into evidence of a document indicating she had tested negative for drugs in January 1993 while working for the Wake County School System. Defendant's pastor, Beatrice Lee (Lee), testified as a character witness, but was not allowed to comment regarding defendant's "reputation for using cocaine."

Janet Blake (Blake), a parole officer, was called as a rebuttal witness for the State. Blake revealed that Luthanial was released from

prison on house arrest on 31 January 1996, that Blake had left a telephone message at defendant's trailer, and that defendant returned her call. According to Blake, defendant stated Luthanial was permitted to stay at the trailer. On 1 February 1996, Blake visited the trailer and defendant was present. Finally, Blake received no indication from defendant that she did not reside at the trailer.

Defendant was convicted at the 12 December 1996 criminal session of Wake County Superior Court of the Class G felony of trafficking by possession of 28 grams or more but less than 200 grams of cocaine, and received the mandatory sentence of a minimum term of 35 months and a maximum term of 42 months. Defendant gave timely notice of appeal.

[1] We first consider defendant's arguments regarding the trial court's denial of defendant's pre-trial motion to suppress (defendant's motion) her 8 March 1996 inculpatory statements to McGee. The trial court summarily denied defendant's motion on the basis that the affidavit submitted therewith was attested to by defendant's attorney upon information and belief, and not by defendant personally.

Defendant's motion was advanced pursuant to N.C.G.S. § 15A-977 (1997), which provides in pertinent part:

(a) A motion to suppress evidence in superior court made before trial must be . . . accompanied by an affidavit containing facts supporting the motion. The affidavit may be based upon personal knowledge, or upon information and belief, if the source of the information and the basis for the belief are stated.

. . . .

(c) The judge may summarily deny the motion to suppress evidence if:

(1) The motion does not allege a legal basis for the motion; or

(2) The affidavit does not as a matter of law support the ground alleged.

. . . .

Regarding the statutory affidavit requirement, this Court has previously held that the "[d]efendant is not compelled to file h[er] own affidavit . . . but [s]he can stand silent if [s]he so desires." *State v. Gibson*, 32 N.C. App. 584, 585, 233 S.E.2d 84, 86 (1977). Likewise, other jurisdictions with statutes corresponding to G.S. § 15A-977 have

ruled similarly. *See, e.g., People v. Adams*, 451 N.E.2d 1351, 1356 (Ill. Ct. App. 1983) (defendant not compelled to sign affidavit in support of motion to suppress; "anyone with knowledge of the facts could sign the affidavit, even defendant's attorney"); *Commonwealth v. Santiago*, 567 N.E.2d 943, 947 (Mass. Ct. App. 1991), *review denied*, 571 N.E.2d 28 (Mass. 1991) (abuse of discretion to deny hearing on motion to suppress on basis it was supported by affidavit signed by defendant's attorney).

We further note G.S. § 15A-977 pointedly does not expressly require the affidavit submitted in support of a motion to suppress to be that of the defendant. In view of this circumstance and the authorities cited, we determine that defense counsel's affidavit *sub judice* was sufficient to meet the requirements of G.S.15A-977(a), *cf. State v. Higgins*, 266 N.C. 589, 593, 146 S.E.2d 681, 684 (1966) (signature of affiant at conclusion of affidavit "not necessary to the validity" thereof, because not expressly required by statute at issue and no North Carolina rule of court or constitutional requirement provided to the contrary), and that the trial court erred by summarily dismissing defendant's motion to suppress.

However, defendant nonetheless bears the burden of showing the existence of a reasonable possibility that, "had the error in question not been committed, a different result would have been reached at . . . trial." N.C.G.S. § 15A-1443(a) (1997). Absent such showing, the trial court's ruling remains undisturbed on appeal. *See State v. Hardy*, 104 N.C. App. 226, 238, 409 S.E.2d 96, 102 (1991). We conclude defendant has failed to meet her burden.

The record reflects that at the time the search warrant was executed, defendant was located in the trailer, in a fully furnished bedroom containing women's clothing and crack cocaine smoking devices. When Cullifer asked, "who [i]s responsible for the residence," defendant replied that it was she who rented the trailer. A utility bill in defendant's name discovered in the kitchen supported defendant's assertion of responsibility for the premises. McGee testified defendant stated at the trailer on 7 March 1996 that Ingram and Luthanial "are selling drugs here." Ingram indicated he supplied cocaine for defendant's personal use and gave her money for bills, and further that defendant witnessed cocaine sales made at the trailer. Finally, Blake's testimony suggested defendant resided at the trailer at the time of her son's release from prison in early 1996.

STATE v. CHANCE

[130 N.C. App. 107 (1998)]

In short, even had defendant's motion been granted, the incriminating information contained therein was nevertheless admitted at trial through other unchallenged testimony and it appears likely defendant would in any event have been convicted of drug trafficking. Defendant having failed to show summary denial of her motion to suppress was prejudicial error, the trial court's ruling stands on appeal. *See* G.S. § 15A-1443(a); *Hardy*, 104 N.C. App. at 238, 409 S.E.2d at 102.

[2] Defendant next contends the trial court erroneously excluded 1) testimony by Lee that defendant "had a reputation for not using drugs," and 2) evidence of defendant's 1993 negative drug test. We disagree.

Although the trial court sustained the prosecutor's objection and granted the motion to strike Lee's answer to the question, "[d]o you know [defendant's] reputation for using cocaine?", the record reflects that Lee's stricken response was "I don't know anything about the drugs." Lee's statement thus suggests she had no knowledge of defendant's reputation regarding use of controlled substances, and that her answer, even if not stricken, would not in any way have assisted defendant.

The record also sustains the minister's disclaimer of knowledge in that it contains her testimony that she had not seen defendant regularly for nearly two years prior to the critical 6 March 1996 date, that the minister lived in Fuqua where her church was located, and that she had never visited defendant at the Apex trailer in question.

Finally, defendant attempted no additional questions of the witness, and made no proffer of what responses would have been forthcoming upon such questioning. *See State v. Kirby*, 276 N.C. 123, 133, 171 S.E.2d 416, 423 (1970) (where record fails to show what witness would have testified if permitted to answer questions objected to, exclusion of such testimony not shown to be prejudicial).

In short, assuming *arguendo* the trial court improperly excluded the disputed testimony of Lee, defendant in any event has failed to show a reasonable possibility that a different result would have been reached at trial had such errors not been committed. *See* G.S. § 15A-1443(a). Therefore, we do not disturb the trial court's ruling. *See Hardy*, 104 N.C. App. at 238, 409 S.E.2d at 102.

[3] The trial court also sustained the State's objection to defendant's proffer of the 1993 drug test results on grounds the evidence lacked

relevance to the 1996 offense. A trial court's rulings on relevancy are given great deference on appeal. *State v. Wallace*, 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991), *disc. review denied*, 331 N.C. 290, 416 S.E.2d 398 (1992), *cert. denied*, 506 U.S. 915, 121 L. Ed. 2d 241 (1992). Under this rule, suffice it to state we perceive no adequate basis upon which to upset the challenged ruling of the trial court.

No error.

Judges WYNN and McGEE concur.