STATE OF NORTH CAROLINA, Plaintiff,
v.
DEMETRIUS WRIGHT-STOVER, Defendant.
No. COA07-1327
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Attorney General Roy A. Cooper, III, Assistant Attorney General Amanda P. Little, for the State.
Sofie W. Hosford, attorney for defendant-appellant.
STROUD, Judge.
Defendant appeals from his convictions for possession of a stolen vehicle and resisting a public officer. Prior to entering a guilty plea on these charges, defendant filed a motion to suppress. Having preserved his right, defendant now appeals the trial court's denial of the motion.
On 21 August 2004, defendant was stopped by police while driving a motorcycle. Following the stop, the police determined that the motorcycle was stolen resulting in defendant's arrest and the subsequent charges. In his motion to suppress, defendant asserted that the stop by police was unconstitutional and that all evidence obtained as a result of the stop should be excluded. Included with the motion was an affidavit which alleged the following facts:
1. All of the below information was obtained from the discovery sent to defense counsel by the State as well as conversations with the defendant.
2. That on August 21, 2004, the Defendant was driving a Motorcycle on or near the 6100 bock [sic] of South Boulevard.
3. That the Defendant was wearing a Motorcycle helmet.
4. That Officer Jester of the Charlotte Mecklenburg Police Department was in that area.
5. That the officer stated in his report that he had observed several individual[s]  not including the defendant  driving recklessly in a public vehicular area.
6. That the officer attempted to stop the defendant for allegedly not wearing an approved motorcycle helmet.
7. That the defendant allegedly continued to drive after the officer turned on his blue lights.
8. That the officer, while on foot, pulled Defendant from his Vehicle.
9. That there was allegedly damage to the ignition of the vehicle.
10. That the officer then ran the tag of the vehicle which was allegedly reported as stolen.
11. That the defendant was then charged with possession of a stolen motor vehicle.
At the hearing on the motion to suppress, defense counsel attempted to argue that the officer could not have had a reasonable suspicion that defendant was wearing an unapproved helmet. However, the trial court summarily denied the motion on the grounds that the affidavit filed with the motion failed to alleged sufficient facts to support such a constitutional violation. In his sole assignment of error on appeal, defendant contends that the trial court abused its discretion in summarily denying the motion on this ground.
N.C. Gen. Stat. § 15A-977(a) (2005) provides that "[t]he motion [to suppress] must state the grounds upon which it is made" and that it "must be accompanied by an affidavit containing facts supporting the motion." In addition, N.C. Gen. Stat. § 15A-977(c) permits the trial court to summarily deny the motion if: "(1) The motion does not allege a legal basis for the motion; or (2) The affidavit does not as a matter of law support the ground alleged." We have held that the decision to deny a motion to suppress which fails to set forth adequate legal grounds is vested in the sound discretion of the trial court. State v. Harvey, 78 N.C. App. 235, 237, 336 S.E.2d 857, 859 (1985).
As an initial matter, defendant's motion to suppress makes only a general assertion that the stop by police was in violation of defendant's constitutional rights. It fails to set forth the specific grounds for the argument that defendant attempted to make at the hearing. Further, the affidavit also fails to set forth the factual basis for an unconstitutional stop. While it appears that defendant intended to argue that he was indeed wearing an approved helmet, nowhere in the affidavit does defendant set forth this alleged fact. The affidavit merely states that defendant was"wearing a Motorcycle helmet." This fact, even if taken as true, does not render the stop unconstitutional where defendant also alleged that the officer believed that the defendant was "not wearing an approved helmet." (emphasis added).[1] In sum, the affidavit and the motion do not support a conclusion that the police officer could not have reasonably believed that the helmet worn by defendant was unapproved. See State v. Phillips, 132 N.C. App. 765, 769, 513 S.E.2d 568, 571 (1999) (affirming the summary denial of a motion to suppress where defendant failed to state in his affidavit or motion how his constitutional rights were violated when the police officer searched his mailbox without a warrant).
Even assuming that the trial court abused its discretion in summarily denying the motion to suppress, we nevertheless conclude that defendant has not sustained his burden of demonstrating a reasonable possibility that, "had the error in question not been committed, a different result would have been reached at the trial. . . ." N.C. Gen. Stat. § 15A-1443(a)(2005). "Absent such showing, the trial court's ruling remains undisturbed on appeal." State v. Chance, 130 N.C. App. 107, 111, 502 S.E.2d 22, 25, cert. denied, 349 N.C. 366, 525 S.E.2d 180 (1998). In this case, the arresting officer testified at the guilty plea hearing that he stopped defendant because "it looked like all [defendant] had on was a baseball cap. . . ." In light of this testimony, we conclude that it is unlikely that defendant would have been successful in arguing that the officer could not have had a reasonable suspicion that defendant was not wearing an approved helmet when he was stopped. Defendant's assignment of error is overruled.
Affirmed.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).
NOTES
[1] At the time defendant was stopped, the statute provided that the operator of a motorcycle must "wear safety helmets of a type approved by the Commissioner of Motor Vehicles." N.C. Gen. Stat. § 20-140.4(a)(2) (2003) (amended as of 1 January 2008 by 2007 North Carolina S.L. 2007-360 (H.B. 563)).